Ellis vs. Southwestern Land Co.

Ellis, Respondent, vs. Southwestern Land Company, Intervener, Appellant.

94 531
94 673
94 531
f103 491
94 531
105 455

*November 24 — December 15, 1896.*

(1) *Appealable order.*   (2-5) *Trusts: Assignment: Personal services: Joinder of causes of action: Payment of money into court: Determination of rights of adverse claimants.*

1. An order denying the petition of an intervener for the payment to him of a fund which had been paid into court after judgment is "a final order affecting a substantial right, made in a special proceeding," and is therefore appealable under subd. 2, sec. 1, ch. 212, Laws of 1895.

2. Where a trustee holds canceled loan association stock for the purpose of converting it into money and paying the proceeds to the *cestui que trust,* less commissions and costs, the trustee's interest, measured by the value of the labor and disbursements already expended in his effort to reduce the same to money, having regard for the whole amount of labor necessary to fully carry out the trust and the total ultimate compensation therefor, passed to an assignee under a general assignment of all his property.

3. The obligation resting upon the trustee in such a case to execute the trust, which required the performance of personal and professional services for his principal, was not affected by the assignment, and the trustee had a right to proceed with its execution by the prosecution of an action already commenced, regardless of the protest of the assignee. The fact that a claim for stock owned by the trustee individually, which passed to the assignee, had been joined with that held in trust would not affect such right, in the absence of a demand by the assignee for a severance.

4. When the stock was finally converted into money by the recovery of judgment and payment thereof into court, the fund, less the amount represented by the interest of the *cestuis que trust,* and the value of the trustee's services, and the costs subsequent to the assignment, belong to the assignee, and upon application the court in which such fund was deposited should proceed to determine the interest of the assignee, and provide for its payment out of the fund.

5. In determining such rights the court may proceed on affidavits, or may award an issue for determination by a referee, or by the court, or by the court and a jury, as in the exercise of a sound

judicial discretion may appear to be best calculated to subserve the ends of justice. *It would seem,* however, that cases might arise requiring the decision of a controverted question of fact of such a character that a failure to award an issue for trial would be an abuse of discretion.

APPEAL from an order of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Reversed.*

In May, 1892, plaintiff commenced an action against the American Building & Loan Association and other defendants to recover the value of capital stock in the defendant association. Some of such stock plaintiff owned in his own right, and some he held as trustee, with power to convert the same into money. It was claimed defendants had wrongfully converted all of such stock to their own use. The action was in trover. Some time after the commencement of the action, plaintiff made an assignment of his property to the *Southwestern Land Company.* After such assignment such land company notified plaintiff not to proceed further, representing it in the action. Plaintiff proceeded, nevertheless, and obtained a judgment for $550. The amount of such judgment was paid into court. Thereafter the *Southwestern Land Company* filed a petition in the action, claiming ownership of the fund, and requesting an order to be made that such fund be paid to it, or that it be made a defendant, and an issue be awarded for the purpose of testing the question of such ownership. The motion was denied and petitioner appealed.

For the appellant there was a brief by *Wickham & Farr,* and oral argument by *James Wickham.*

For the respondent the cause was submitted on the brief of *J. F. Ellis.* To the point that the plaintiff's claim in this case is not assignable, since it would not survive to his personal representatives, and was contingent on his completing his job, he cited *Zabriskie v. Smith,* 13 N. Y. 322; *Kelley v. Kelley,* 80 Wis. 486.

MARSHALL, J.   Subd. 2, sec. 1, ch. 212, Laws of 1895, provides that "a final order affecting a substantial right, made in a special proceeding," may be carried to the supreme court by appeal.   The order appealed from in this case is such an order, hence appealable.

The money being in the hands of the court, it possessed ample power to determine, in a proper proceeding, the nature and extent of all liens upon or claims to the fund, and to pay the same over according to the rights of the parties interested.   The order appealed from does not disclose the grounds of the decision, but we apprehend the learned trial judge fully recognized the familiar principle of law stated, and nevertheless found, on the affidavits presented, that the assignment to the *Southwestern Land Company* did not pass to the latter any property or right now represented by the fund in controversy, and hence denied appellant's motion.

It clearly appears from the affidavits that on the 1st day of September, 1893, respondent was the owner in his own right of stock in the defendant loan association to the amount of $67.50, and that he held the legal title to other stock in such association, in trust to convert the same into money, and pay over half the proceeds thereof to his *cestuis que trust* after deducting his costs, disbursements, and expenses.   The affidavits further show that the stock had been wrongfully canceled by the association; that, for the purpose of carrying out the aforesaid trust, and of recovering the value of the stock owned by respondent in his own right, this action was brought; and that he thereafter made an assignment to the appellant of his property, described as follows: "All right, title, and interest in and to all property, real and personal, legal and equitable, which I now own or claim to own, or in which I have any interest."   At that time there can be no serious controversy but that respondent was the sole owner of stock to the amount of

$67.50, and of an interest in the stock held in trust, measured by the value of the labor and disbursements already expended in his efforts to reduce the same to money, having regard for the whole amount of labor necessary to fully carry out the trust and the total ultimate compensation therefor. Necessarily, the value of such interest could not be determined in advance of a recovery in the action. Nevertheless, it was an interest in property which passed to the appellant by the very broad and general language of the assignment. The rule is that all choses in action which survive the person, and vested rights *ad rem* and *in re,* possibilities coupled with an interest, and claims growing out of and adhering to property, are assignable. *Webber v. Quaw,* 46 Wis. 118.

The oblgation resting upon respondent to execute the trust, which required the performance of his personal and professional services for his principal, was not affected by the assignment so as to vest in the appellant any right to such services, or to respondent's earnings, after the date of such assignment. No greater right passed by such assignment than the value of the respondent's interest at the time of its execution, determinable *in futuro,* as heretofore indicated. He had a right to proceed with the execution of his trust, regardless of the protest of appellant; and, as the claim for his own stock was joined with the claims held in trust, and there was no demand for the interests to be severed, he had a right to disregard the protest altogether. But when the stock was finally converted into money by the recovery of the judgment, and payment thereof into court, the fund, less the amount represented by the interests of the *cestuis que trust,* and the value of respondent's services, and the costs and disbursements subsequent to the assignment, belonged to the appellant. Such being the situation at the time of the making of this application, the court should have proceeded, according to the established practice in such cases,

to determine the interest of the appellant in the fund, and to have provided for payment to it of the amount of such interest. In the determination of such matters the court has broad discretionary powers. In the exercise of such powers it may determine such a matter on affidavits, or may award an issue for determination by a trial before a referee, or the court, or the court and a jury, as, in the exercise of sound judicial discretion, may appear to the trial judge best calculated to subserve the ends of justice. Where the rights of parties turn on disputed questions of fact, the better practice is to award an issue for trial in one of the ways indicated; and it is proper to observe that cases may arise where the determination of the controversy requires a decision respecting questions of fact of such a character, upon conflicting evidence, that a refusal to award an issue for trial as indicated would be held an abuse of judicial discretion.

*By the Court.*— The order of the circuit court is reversed, and the proceeding remanded for further proceedings in accordance with this opinion.