National Distilling Co. vs. Seidel.

---

NATIONAL DISTILLING COMPANY, Respondent, vs. SEIDEL, Trustee, Intervener, Appellant.

*June 3 — June 22, 1899.*

*Appealable order: Intervention: Trustee in bankruptcy: Discretion.*

1. An application by a person, not a party to an action, for leave to be made a party is a special proceeding, and an order denying the application is appealable.
2. A petitioner for leave to intervene in an action cannot appeal from the judgment rendered in the action, and thereby test the denial of his application.
3. The provision of the national bankruptcy act (sec. 11, *b*), that the trustee in bankruptcy may be ordered to enter his appearance and defend any pending suit against the bankrupt, was not intended to regulate the practice of state courts and require them to make the trustee a party defendant on his application, but to place upon the trustee the official duty to appear and defend according to the rules and practice of the state court so as to protect the interests of the general creditors.

National Distilling Co. vs. Seidel.

4. Plaintiff brought its action and attached property of the debtor, who appeared, answered, and traversed the affidavit of attachment. More than four months after the commencement of the action, the debtor was adjudged a bankrupt in proceedings under the national bankrupt act. His trustee in bankruptcy applied for an order making him a party, which application was denied. *Held*, that the trustee occupied the same situation as any assignee of property, with the added element of trusteeship for creditors, and that it was entirely in the discretion of the trial court either to make the substitution, or join him as defendant as a new party in interest, or leave him to appear and defend in the name of his assignor.

APPEAL from an order of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

Plaintiff commenced an action against defendant Peterson to recover an amount claimed on contract, and such proceedings were duly had that defendant's property was attached, and he appeared and answered the complaint and also traversed the affidavit for the attachment. More than four months after the commencement of the attachment proceedings the defendant was duly adjudged a bankrupt in proceedings under the bankrupt law and *George Seidel* became the trustee. Thereafter such trustee moved the court, upon a petition setting forth the facts, for an order making him a party defendant in the action as to the main issue and the issue in the attachment proceedings as well. The motion was denied because the petition in bankruptcy was filed more than four months after the commencement of the attachment proceedings. The petitioner appealed.

For the appellant there was a brief by *Sylvester, Scheiber & Orth,* and oral argument by *Frederick Scheiber.*

*Orren T. Williams,* for the respondent.

MARSHALL, J. Respondent contends that the order is not appealable, relying on *Cook v. Menasha,* 95 Wis. 215, and *Smith v. Scott,* 93 Wis. 453. Such cases are to the effect that

an order denying a motion made by a party to an action to bring in additional parties is not appealable. As to such a moving party the order denying the motion does not terminate the action and prevent a judgment from which an appeal may be taken, nor is it an order in a special proceeding. The situation is different where a person, not a party to an action, moves the court for leave to be made a party. Such a proceeding is special, and an order denying the application is appealable. A petitioner for leave to intervene cannot appeal from the judgment and thereby test the denial of his application. On this subject the case is ruled by *Ellis v. S. W. L. Co.* 94 Wis. 531.

It is conceded that the provision of the national bankruptcy act — to the effect that an attachment lien, acquired on the property of a person in proceedings commenced within four months of the filing of the petition in bankruptcy by or against him, shall be dissolved by the adjudication of such person to be a bankrupt, under certain circumstances mentioned in such act — has no application in this case. But it is said the trustee in bankruptcy succeeded to the rights of the assignor and was entitled to be made a defendant because, following a provision of the bankruptcy act, he was ordered to enter his appearance and defend the action in the state court and contest the right of the plaintiff to the attachment lien. That provision was not intended to regulate the practice in state courts and require them to make the trustee a party defendant on his application, but to place upon the trustee the official duty to appear and defend according to the rules and practice of the state court so as to protect the interests of the general creditors. When appellant applied to be made a defendant in this case he occupied the same situation as any assignee of property forming the subject of litigation, with the added element that his liability to the plaintiff, as trustee for all the creditors, was substituted for that of his assignor, bringing the situation within the scope of sec. 2801, R. S. 1878, as construed by this court

in *Howitt v. Blodgett*, 61 Wis. 376. Such section provides that in case of a transfer of interests or devolution of liability, the action may be continued for or against the original party, or the court may direct the person to whom the interest is transferred, or upon whom the liability is devolved, to be substituted in the action or joined with the original party, as the case requires. It will be observed that it is left entirely to the discretion of the trial court whether to make a substitution, join the new party in interest as a co-defendant, or leave him to appear and defend in the name of the assignor. The latter course was decided upon by the trial court in this case, manifestly upon the ground that the issues were all made up and the interests of the trustee could be fully protected without any change of parties. It is not suggested in the briefs of appellant's counsel that there was any abuse of discretion in such determination, and none could be made successfully. The appeal proceeds on the theory that because the trustee was authorized to appear and defend, and the trial court was authorized to make him a party, it was error not to do so. That position is clearly untenable. The application for leave to intervene was addressed to the discretionary power of the court, and so far as can be seen by the record that discretion was wisely exercised. ·

*By the Court.*— The order is affirmed.