WECHSELBERG, Appellant, vs. MICHLESON and others, Respondents.

*January 10 — February 2, 1900.*

*Appealable orders: Parties.*

Where W., an officer of an insolvent corporation, commenced an action to dissolve and wind up its affairs, and a receiver was thereupon appointed, a subsequent order therein substituting creditors as plaintiffs, and making all the officers, including W., parties defendant, is not a final order affecting a substantial right, or an order in effect determining the action and preventing a judgment from which an appeal might be taken, within the meaning of subd. 1, 2, sec. 3069, Stats. 1898, and is therefore not appealable.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Appeal dismissed.*

For the appellant there were briefs by *Fish, Cary, Upham & Black*, attorneys, and *W. J. Turner*, of counsel, and oral argument by *A. L. Cary.*

*C. H. Van Alstine*, for the receiver.

*J. B. Doe*, for the respondents.

CASSODAY, C. J. On July 23, 1898, the Home Building & Loan Association was, upon the application of *Julius Wechselberg*, one of its stockholders and officers, by apt proceedings and an order of the court, placed in the hands of a receiver, who, upon giving the requisite bond, took posses-

sion of all the assets and property of such corporation. On August 6, 1898, an order was entered therein enjoining each and every creditor of the corporation from commencing any action at law or in equity against the corporation, and ordering all of its creditors to become parties to that action, and to exhibit their respective claims against it, and, in default, to be precluded from all benefits of the orders and judgments to be entered therein, and requiring the receiver to give notice accordingly. Upon the petition of twelve of such creditors, having claims aggregating about $15,000, on behalf of themselves and all others similarly situated who might choose to come in and become parties thereto, and an affidavit of *Julius Wechselberg* and A. W. Hard, the receiver, in opposition thereto, the trial court, April 15, 1899, made an order to the effect that the petitioners, and all other stockholders or creditors of the Home Building & Loan Association who might choose to join with them as parties plaintiff therein, be, and they were thereby, made parties plaintiff in and to the action; that the name of *Julius Wechselberg* be, and the same was thereby, stricken from the record as plaintiff; that he and nine others therein named, who were or had been officers or directors of the Home Building & Loan Association, be, and they were thereby, made parties defendant in the action; that such petitioners, together with any and all other stockholders or creditors of such association who might choose to join with them in so doing, be, and they were thereby, permitted and authorized to amend the summons and the complaint therein by making such petitioners, and such other stockholders and creditors as might choose to join with them in so doing, plaintiffs, and by joining with the association in the amended summons and amended complaint all of the officers and directors of the association therein named, including *Julius Wechselberg*, as defendants, and to so amend the complaint as to set forth all facts which showed or tended to show any liability of

any of such officers or directors to pay any sum of money then due and owing from the association to any of its stockholders or creditors, and to set forth all facts which showed or tended to show any liability of any of such officers or directors to any stockholders or creditors of such association who might become a party to the action, upon any ground or for any cause, with such other facts as might be material to the action, for the purpose of charging the parties thereby made defendants, or any of them, or any officer or director of such corporation, for any liability incurred by law, and for the winding up of the affairs of the corporation and the distribution of its assets; that the order made August 6, 1898, be, and the same was thereby, modified in so far as any of its provisions were in conflict with the order of April 15, 1899, and not otherwise; and that a copy of such order be served upon the attorneys for *Julius Wechselberg* and the attorney for the receiver. From the order so entered, and the whole thereof, the plaintiff, *Julius Wechselberg*, brings this appeal.

In *Cunningham v. Wechselberg, ante,* p. 359, it was held that there could be but one winding-up suit to settle the affairs of the corporation, and that in such suit all the rights of creditors and all the liabilities of officers and stockholders were to be worked out. Accordingly the several petitioners filed their respective claims against the corporation in the action, and thereby became parties to the action. Sec. 3227, Stats. 1898. By the order appealed from, the petitioners were made plaintiffs in the action against the officers and directors of the corporation, including *Julius Wechselberg,* who had been the president thereof. The first question presented is whether such order is appealable. Counsel for the appellant contends that it is "a final order affecting a substantial right made in a special proceeding," within the meaning of subd. 2, sec. 3069, and therefore is appealable. This court has repeatedly held, in effect, that an

application to be made a party is a special proceeding, and that an order *refusing* such application is a final order affecting a substantial right, within the meaning of that statute, since the applicant can have no appeal from the judgment to be finally rendered in the action. *Carney v. Gleissner*, 62 Wis. 497; *Morse v. Stockman*, 65 Wis. 36; *Ellis v. S. W. L. Co.* 94 Wis. 531; *Nat. D. Co. v. Seidel*, 103 Wis. 489. But where the appellant is himself a party to the action, and hence has an opportunity to appeal from any judgment entered therein, such order bringing in new parties is not a "*final order* affecting a substantial right," within the meaning of the second subdivision of the section; nor is it an order which "in effect determines the action and prevents a judgment from which an appeal might be taken," as provided in the first subdivision of the section. *Smith v. Scott*, 93 Wis. 453; *Reinhart v. Fire Asso.* 93 Wis. 452; *Cook v. Menasha*, 95 Wis. 215; *Nat. D. Co. v. Seidel*, 103 Wis. 489. We must hold that the order in the case at bar is not appealable.

*By the Court.*— The appeal is dismissed.