STATE, Respondent, vs. WISCONSIN TELEPHONE COMPANY, Appellant.

*November 8, 1907—January 28, 1908.*

*Appeal and error: Decisions reviewable: Appealable orders: Attorneys: Denial of motion to exclude private attorney from participation in suit by state: Special proceedings.*

1. In an action by the state to recover a penalty it appeared, among other things, that an attorney, privately employed, with the consent of the attorney general, appeared as an attorney for the state in proceedings for the examination of defendant's officers before trial under sec. 4096, Stats. (1898). On objection raised by formal petition, praying that such attorney be excluded from participating in the litigation, and answer thereto, followed by a trial resulting in formal findings, the court by formal order denied the motion, and defendant appealed from such order. *Held:*

    (1) The character of the proceeding in question was not changed by the mere formal manner in which the issues were presented.

    (2) The proceeding in question was in effect a mere objection supported by proof, and the order was in effect a mere ruling upon such objection.

    (3) The proceeding in question being in and by a party to the action and for relief obtainable, if relief should be granted, by an ordinary objection or motion, it was not a special proceeding regardless of the unusual situation presented.

    (4) The order terminating the proceeding in question was not appealable.

2. A special proceeding is one either entirely outside of an action, as a proceeding for contempt or to condemn land, or one merely connected with an action, as a proceeding by one not a party to an action to be made such.

APPEAL from an order of the circuit court for Dane county: J. C. LUDWIG, Judge. *Dismissed.*

An action was commenced against defendant to recover $500 for an alleged violation of sec. 1791a—1, Stats. (Supp. 1906; Laws of 1905, ch. 389), providing for a forfeiture for discriminating between localities of the same class as to telephone exchange rates.

The complaint contains a statement of facts appropriate to the case.

The answer put in issue all allegations as to the defendant's having made any discriminating rates and raised the question of the constitutionality of the law.

After issue joined, proceedings were commenced for an examination of the officers of the defendant under sec. 4096, Stats. (1898), the attorney general, James G. Flanders, and F. C. Grant appearing as attorneys for the plaintiff. Thereupon the defendant on a petition setting forth, among other things, that attorneys Grant and Flanders were employed by rival telephone companies to prosecute the action in their private interests and to participate in the examination under sec. 4096 with a view of obtaining information for private use, moved the court for an order excluding all privately employed attorneys from participating in the litigation on the part of the plaintiff.

The plaintiff replied to the petition to this effect: Mr. Grant is not to participate as attorney in the proceedings in the action. Mr. Flanders is to participate under employment by the Milwaukee Independent Telephone Company, an alleged rival of the defendant. He was employed by such independent company specially to assist in establishing the constitutionality of the law. His appearance as attorney for the

state is at the request, and by consent, of the plaintiff's attorneys. The action is prosecuted and the examination sought in good faith and for the sole purpose of vindicating the law.

A hearing was had before the court, evidence being taken in support of, and in opposition to, the motion, resulting in a decision denying such motion upon these grounds, as specified in the form of finding substantially as in case of the determination of an action tried before the court.

The action was commenced on information furnished by F. C. Grant. H. D. Critchfield, an officer of the Milwaukee Independent Telephone Company, which was interested in obtaining from the common council of the city of Milwaukee an ordinance in regard to using its streets for telephone purposes, being informed of the proposed examination under sec. 4096, employed James G. Flanders to assist the attorney general, intending to use the testimony which might be procured in aid of obtaining the privilege aforesaid, and to assist in establishing the validity of the law under which the action was brought. The attorney general had no knowledge when Mr. Flanders came into the case that his employer intended to use the information that might be obtained on the examination under sec. 4096 for its private benefit. Mr. Flanders' employer and all other independent telephone companies mentioned in defendant's petition are interested in the question of whether the law aforesaid is valid. Mr. Flanders was employed with the knowledge and consent of the attorney general by, and wholly at the expense of, the Milwaukee Independent Telephone Company. The action was not instituted and is not being prosecuted nor the examination sought under sec. 4096 for any other purpose than that of collecting the penalty for violating the aforesaid law and to establish the constitutionality of such law. Under the circumstances the said Milwaukee Independent Telephone Company had a right to employ counsel at its own expense to assist the attorney general.

A formal order was entered in the action in accordance with the aforesaid decision, from which this appeal was taken.

For the appellant there were briefs by *Miller, Mack & Fairchild,* attorneys, and *Charles Quarles,* of counsel, and oral argument by *E. S. Mack.* They contended, *inter alia,* that the participation of private persons for their private ends in this suit is maintenance, and the issuance of the subpœna for an examination to be conducted by them was an abuse of process. *Andrews v. Thayer,* 30 Wis. 228, 233; *Thallhimer v. Brinckerhoff,* 3 Cow. 623, 648; *Gilbert-Arnold L. Co. v. O'Hare,* 93 Wis. 194, 200; *Barker v. Barker,* 14 Wis. 131. The evils of improper interference in this action by the private persons for their own ends are increased by the fact that the position of the prosecutor in this action is *quasi*-judicial. *Biemel v. State,* 71 Wis. 444; *French v. State,* 93 Wis. 325; *State ex rel. Durner v. Huegin,* 110 Wis. 189; *State v. Zillmann,* 121 Wis. 472; *State v. Smith,* 52 Wis. 134. The participation of the privately employed counsel here would be illegal as a delegation of public authority to an individual for a consideration. *Shelby v. Miller,* 114 Wis. 660; *U. S. v. San Jacinto Tin Co.* 125 U. S. 273; *Attorney General v. Sheffield G. C. Co.* 3 De Gex, MacN. & G. 304. The petitioner adopted the proper procedure in applying to exclude the privately employed counsel. *Miles v. Mut. R. F. L. Asso.* 108 Wis. 421, 434; *Barker v. Barker,* 14 Wis. 131; *Davies v. Stowell,* 78 Wis. 334; *Kelly v. Kelly,* 86 Wis. 170; *U. S. v. Milwaukee R. T. Co.* 145 Fed. 1007. The order is appealable. *Witter v. Lyon,* 34 Wis. 564; *Ernst v. Steamer Brooklyn,* 24 Wis. 616; *Deuster v. Zillmer,* 119 Wis. 402; *Carney v. Gleissner,* 62 Wis. 493; *Morgan v. Holladay,* 38 N. Y. Super. Ct. 117; *Hopton v. Swan,* 50 Miss. 545; *Loomis v. Lane,* 29 Pa. St. 242; 8 Am. & Eng. Ency. of Law (2d ed.) 28, 29; *Jones v. Walker,* 22 Wis. 220; *Allard v. Smith,* 97 Wis. 534; *Ellinger v. Equitable L. Assur. Soc.* 125 Wis. 643; *Security Bank v. Nat. Bank,* 4 Thomp. & C. 518; *Murphy v.*

*Weil,* 86 Wis. 643. The permitting of an examination in this case would be a denial of the petitioner's rights under the constitution of Wisconsin and the constitution of the United States. *Boyd v. U. S.* 116 U. S. 616; *Hale v. Henkel,* 201 U. S. 43; *In re Jefferson,* 96 Fed. 826; *Pennoyer v. Neff,* 95 U. S. 714; *Murray's Lessee v. Hoboken L. & I. Co.* 18 How. 272; *Hurtado v. California,* 110 U. S. 516; *Maxwell v. Dow,* 176 U. S. 581; *West v. State,* 1 Wis. 209, 233.

For the respondent there was a brief by the *Attorney General* and *Russell Jackson,* deputy attorney general, and oral argument by *Mr. Jackson.* They contended, *inter alia,* that the order was not appealable. *Rossiter v. Ætna L. Ins. Co.* 96 Wis. 466; *Noble v. Strachen,* 32 Wis. 314; *Parmalee v. Wheeler,* 32 Wis. 429; *Peeper v. Peeper,* 53 Wis. 507; *Maynard v. Greenfield,* 103 Wis. 670; *Flannigan v. Lindgren,* 122 Wis. 445. It is not maintenance to employ counsel in an action where the party so employing counsel has an interest in the question at issue or even a *bona fide* belief that he has an interest. *Allard v. Lamirande,* 29 Wis. 502; *Barker v. Barker,* 14 Wis. 131; *Andrews v. Thayer,* 30 Wis. 228; *Breeden v. Frankfort M., A. & P. G. Ins. Co.* (Mo.) 85 S. W. 930; *Davies v. Stowell,* 78 Wis. 334; *Williams v. Fowle,* 132 Mass. 385, 389; *Gilbert-Arnold L. Co. v. O'Hare,* 93 Wis. 194; *Millard v. Richland Co.* 13 Ill. App. 527; *Goodspeed v. Fuller,* 46 Me. 141; *Comm. v. Dupuy,* 1 Brightly, 44. This action is civil in its character and the attorney general has an unquestionable right to have privately employed counsel to assist him if he desires. *Oshkosh v. Schwartz,* 55 Wis. 483; *State v. Smith,* 52 Wis. 134; *State v. Hayden,* 32 Wis. 663; *Platteville v. Bell,* 43 Wis. 488; *State v. Grove,* 77 Wis. 448; *Chafin v. Waukesha Co.* 62 Wis. 463; *State v. Zillmann,* 121 Wis. 472; *Biemel v. State,* 71 Wis. 444; *Charlesworth v. Tinker,* 18 Wis. 633; *Bartell v. State,* 106 Wis. 342; *McCurdy v. N. Y. L. Ins. Co.* 115 Mich. 20; *People ex rel. Lentz v. Gray,* 49 Hun, 465; *State ex rel. Durner v. Huegin,* 110

Wis. 189. In this case there is no delegation of authority. *Shelby v. Miller,* 114 Wis. 660; *U. S. v. San Jacinto Tin Co.* 125 U. S. 273; *State ex rel. Att'y Gen. v. Gleason,* 12 Fla. 190; *People ex rel. Woodward v. Rosendale,* 142 N. Y. 26; *People ex rel. Peabody v. Att'y Gen.* 22 Barb. 114; *Gilbertson v. Fuller,* 40 Minn. 413.

The following opinion was filed November 26, 1907:

MARSHALL, J. The point is made that the order is not appealable. The only ground upon which the contrary is maintained is that the order terminates a special proceeding.

If appellant's contention be sound then there may be a great many mere proceedings in the course of an action given the character of special proceedings so that an appeal will lie from the final determination thereof, such as a motion in the action for a change of venue or for security for costs, or to strike out part of an answer or complaint for some cause, or for a continuance or to suppress a deposition or to prevent an attorney coming into a case and controlling it without being regularly substituted, no one of which motions would be claimed, we assume, to be a legitimate foundation for an appealable order.

Obviously the character of the proceeding in question was not changed by the mere formal manner the question was presented, as by an elaborately drawn petition and a formal answer raising issues, followed by a trial, concluded by formal findings and conclusions as in case of the trial of an action by the court. Notwithstanding such very formal manner in which the motion was made, it was in effect a mere objection supported by proof, and the order was in effect a mere ruling upon such objection. We are unable to see how it can be regarded as a special proceeding within the meaning of the appeal statute. It is correctly conceded that the proceeding was not a provisional remedy. It was not a special proceeding, because such a proceeding is one either entirely outside of an

action, as a proceeding for contempt or to condemn land, or one merely connected with an action, as a proceeding by a person not a party to an action to be made such. It has been held that while the latter is a special proceeding an application by a party to an action to make others parties is not, but is a mere proceeding in an action, and an order terminating the same is not appealable. *Nat. D. Co. v. Seidel,* 103 Wis. 489, 79 N. W. 744. To the same effect are 2 Wait, Pr. 129, where it is said a writ of attachment issued as the commencement of an action is a special proceeding, but the attachment remedy under the Code being in the action is a provisional remedy, and 4 Wait, Pr. 128, where it is said that proceedings supplementary to execution being in an action are not special proceedings. Such was the view of this court in *Noonan v. Orton,* 28 Wis. 386, and *Blossom v. Ludington,* 31 Wis. 283, as clearly indicated therein, and declared by Dixon, Chief Justice, who was of a somewhat contrary view, by his *obiter* remark in *Witter v. Lyon,* 34 Wis. 564.

It follows from what has been said that the proceeding in question being in and by a party to an action and for relief obtainable, if relief should be granted, by an ordinary objection or motion, it is not a special proceeding regardless of the unusual situation presented, therefore the order terminating the same was not appealable.

*By the Court.*—The appeal is dismissed.

WINSLOW, C. J., and BASHFORD, J., took no part.

A motion for a rehearing was denied January 28, 1908.