SCHMUHL, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Appellant.

*March 18—April 9, 1914.*

*Parties: Pleading: Cross-complaint: Discretion: Appealable orders.*

1. In an action for malicious assault upon a passenger by a street-car conductor in defendant's employ, it would have been a proper exercise of the trial court's discretion, upon defendant's motion, to require that the conductor be made a party defendant and to permit a cross-complaint to be served upon him as provided in sec. 2656a, Stats.
2. An order denying a motion to bring in a person who may be a proper but is not a necessary party is not appealable.

APPEAL from an order of the circuit court for Milwaukee county: W. J. TURNER, Circuit Judge. *Dismissed.*

The complaint in this action charged the defendant with liability for wrongful and malicious assault upon the plaintiff by a street-car conductor in the defendant's employ while plaintiff was riding as a passenger on one of its cars in the city of Milwaukee. Upon service of the complaint the defendant moved the court for an order requiring plaintiff to make the conductor who committed the assault a party defendant. This motion was denied, and defendant then moved the court for leave to serve its proposed cross-complaint on said employee, and asked the court to prescribe the method and manner of serving it. This motion was denied, and from the order denying the motion this appeal is taken.

For the appellant there was a brief by *Van Dyke, Rosecrantz, Shaw & Van Dyke,* and oral argument by *James D. Shaw.*

*William L. Tibbs,* for the respondent.

BARNES, J.   We do not see how the presence of the conductor as a party defendant could prejudice the plaintiff or seriously complicate the issues to be tried, and we think it

would have been a proper exercise of discretion on the part of the trial court to have ordered that he be brought in as a party and that a cross-complaint be served upon him as provided by sec. 2656a, Stats. This statute in form confers a discretionary power on circuit courts, and we have very recently decided that it does not go farther in fact. *Kresge v. Maryland C. Co.* 154 Wis. 627, 143 N. W. 668. Mention of this statute is not made in the opinion, but it was called to the attention of the court and was considered when the case was decided.

This court has often determined that an order denying a motion to bring in a person who may be a proper but is not a necessary party is not appealable. *Reinhart v. Fire Asso.* 93 Wis. 452, 67 N. W. 701; *Cook v. Menasha,* 95 Wis. 215, 70 N. W. 289; *Wechselberg v. Michleson,* 105 Wis. 452, 81 N. W. 657; *State v. Wis. T. Co.* 134 Wis. 335, 341, 113 N. W. 944. These cases rule the present one, and it must be held that the order is not appealable.

*By the Court.*—Appeal dismissed.