JONES, County Judge, Respondent, vs. UNITED STATES FIDELITY AND GUARANTY COMPANY, imp., Appellant.

*November· 11—December 6, 1932.*

*Allan V. Classon* of Oconto, for the appellant.

*Megan & Megan* of Oconto and *Eberlein & Larson* of Shawano, for the respondent.

Owen, J. One A. H. Mehlberg was appointed administrator of the estate of Samuel McKee, deceased, by the county court of Oconto county and gave bond as such administrator with the United States Fidelity and Guaranty Company of Baltimore, Md., as surety. He was discharged as such administrator and William F. McKee was appointed administrator *de bonis non* of the estate. This action is brought by the county judge to recover on the bond given by Mehlberg as such administrator. Upon a petition setting forth that the default of the administrator, if any, was the result of a conspiracy between Mehlberg and William F. McKee, that William F. McKee has received and now holds the moneys of the estate for which the administrator, Mehlberg, has not accounted, and that if judgment be rendered in this action against the surety it will have an action over against said McKee, the surety made application to the court to have said McKee brought in as a party defendant. This application was denied by the court, and the appeal is from the order of denial. Respondent moves to dismiss the appeal.

While the case of *Washburn v. Lee,* 128 Wis. 312, 107 N. W. 649, may be some authority for sustaining the right of the surety to have McKee made a party defendant, it does not follow that the denial of the petition is an appealable order. Whenever an appeal is contemplated from an order, sec. 274.33, Stats., should be consulted for the purpose of determining whether it is an order from which an appeal will lie. This order does not prevent a judgment from which an appeal might be taken upon which appeal the order denying the petition may be reviewed as was the case in *Washburn v. Lee.* Where a person not a party to an action moves the court to be made a party, such a proceeding is special, and an order denying the application is appealable, because the petitioner cannot appeal from the judgment and thereby test the denial of his application. *National Dis-*

*tilling Co. v. Seidel,* 103 Wis. 489, 79 N. W. 744. Because one who is a party to the action may appeal from the judgment and secure a review of all intervening orders affecting the judgment (*Schlecht v. Anderson,* 202 Wis. 305, 232 N. W. 566; *Milwaukee County v. Milwaukee Western F. Co.* 204 Wis. 107, 235 N. W. 545), an order denying his motion to bring in other parties does not determine the action. Such orders have uniformly been held non-appealable. *Reinhart v. Fire Association of Philadelphia,* 93 Wis. 452, 67 N. W. 701; *Cook v. Menasha,* 95 Wis. 215, 70 N. W. 289; *Wechselberg v. Michleson,* 105 Wis. 452, 81 N. W. 657; *State v. Wisconsin Telephone Co.* 134 Wis. 335, 113 N. W. 944; *Schmuhl v. Milwaukee E. R. & L. Co.* 156 Wis. 585, 146 N. W. 787; *Schroeder v. Arcade Theater Co.* 175 Wis. 79, 184 N. W. 542.

In *Schmuhl v. Milwaukee E. R. & L. Co., supra,* it is stated that "this court has often determined that an order denying a motion to bring in a person who may be a proper but is not a necessary party is not appealable." This statement is subject to the implication that if the order denies the bringing in of a necessary party it is appealable. However, this is the first time such a distinction was indicated by this court. It was repeated in *Schroeder v. Arcade Theater Co., supra,* probably following the language of *Schmuhl v. Milwaukee E. R. & L. Co.* The cases cited in the *Schmuhl Case* make no such distinction, and such distinction is not sustained by the philosophy underlying the rule. Whether such an order is appealable does not depend upon whether a party whom it is sought to have brought into the action is a proper or necessary party. It depends upon whether the denial of the motion determines the action or prevents a judgment from which an appeal might be taken. In *Washburn v. Lee,* 128 Wis. 312, 107 N. W. 649, the court held, upon an appeal from the judgment, that the parties sought to be brought into that action were necessary parties, for

which reason the judgment was reversed. So in this action, if it be determined upon an appeal from the judgment that William F. McKee is a necessary party, the failure to bring him in will constitute reversible error. That question cannot be presently determined, however, for the reason that this court acquires no jurisdiction for any purpose except to dismiss the appeal upon an appeal from a non-appealable order. *Puffer v. Welch,* 141 Wis. 304, 124 N. W. 406; *Witt v. Wonser,* 195 Wis. 593, 219 N. W. 344.

*By the Court.*—Motion to dismiss appeal granted. The record will be remitted forthwith.