FAHRENKRUG and wife, Respondents, v. D. M. BUILDERS, INC., and another, Appellants.

*No. 103. Argued January 7, 1969.—Decided February 4, 1969.*
(Also reported in 164 N. W. 2d 281.)

For the appellants there was a brief by *Usow, Teper & Weiss* of Milwaukee, and oral argument by *Herbert L. Usow.*

For the respondents there was a brief by *Fisher & Lilly* of Milwaukee, and oral argument by *Sydney B. Lilly.*

WILKIE, J. There is but one issue presented: Is an order denying defendants' motion to implead six new parties defendants appealable?

Appellants contend that the trial court erred in its order of June 17, 1968, denying their motion to implead others as defendants. They contend (1) that under sec. 260.19 (1), (2), and (6), Stats., they had a right to implead additional parties, and (2) that even if not entitled as a matter of right to implead additional parties, it was an abuse of discretion on the part of the trial court to deny their motion. However, before this court can examine the merits of these allegations, the order of June 17, 1968, must be appealable. It is not.

The statute governing appealable orders is sec. 274.33. The many cases interpreting this statute uniformly hold that the order in question is not appealable.

These cases [1] clearly establish that when a trial court denies the motion of a party to the action to implead other persons, that order is not appealable for the reason that a party to an action can have that and other intervening orders reviewed on an appeal from the final judgment. However, when a trial court denies the motion of a nonparty to intervene and be made a party to the action, that order is appealable for the reason that such a person cannot appeal from the final judgment.

Respondents' request for double costs, made on oral argument, is denied.

*By the Court.*—Appeal dismissed with costs.

---

[1] *State v. Chippewa Cable Co.* (1963), 21 Wis. 2d 598, 609, 124 N. W. 2d 616; *Brody v. Long* (1961), 13 Wis. 2d 288, 292, 108 N. W. 2d 662; *State v. McDonald Lumber Co.* (1960), 9 Wis. 2d 206, 207, 100 N. W. 2d 701; *Stobbe v. Atkinson* (1958), 4 Wis. 2d 178, 183, 90 N. W. 2d 118; *Jones v. United States Fidelity & Guaranty Co.* (1932), 210 Wis. 6, 7, 8, 245 N. W. 650, and cases cited therein.