Hillsborough, }
April 3, 1906. }

### BOOTH v. MANCHESTER STREET RAILWAY.

The fact that the defendant in an action for negligence alleges that the injuries complained of proximately resulted from the want of care of a third person does not warrant the joinder of the latter as a party defendant, against the objection of the plaintiff.

CASE, for negligence resulting in a collision between a carriage in which the plaintiff was riding and the defendants' car. Transferred from the September term, 1905, of the superior court by *Peaslee*, J.

The defendants moved that one Gadbois be ordered to appear in court and show cause why he should not be joined as a party defendant in the action, and assigned the following reasons: " (1) Because said Gadbois is, and was on the day the plaintiff was injured, . . . a common carrier, and as such was engaged in carrying the plaintiff in his hack, . . . and while so engaged was attempting to drive his said hack, with the plaintiff therein, across the tracks of the said defendants in Bridge street, at a time when it was dangerous and negligent so to do, as he well knew. (2) Because said Gadbois could, and the Manchester Street Railway could not, have averted the collision between said Gadbois' hack and the car of the Manchester Street Railway, whereby the plaintiff was injured. (3) Because if there was any negligence at the time of said collision which would allow the plaintiff to recover, it was not wholly, if in any degree, that of said Manchester Street Railway." The plaintiff objected to the granting of the motion.

It was ordered that a citation issue to Gadbois to appear and take up the defence of the suit against the street railway, if the defendants so elect. The motion that Gadbois be joined as party defendant was denied without a hearing of the alleged facts, upon the ground that the court had no power to make such order upon those facts and against the objection of the plaintiff, and the defendants excepted.

*Taggart, Tuttle, Burroughs & Wyman*, for the plaintiff.

*Burnham, Brown, Jones & Warren*, for the defendants.

PARSONS, C. J. Even if it be assumed that, did justice to either of the parties require it, Gadbois might be joined as a defendant, and all issues between the plaintiff and the defendants

and between the two defendants might be determined in this suit, in one or more trials, as justice and convenience required, and the results of such trials might be enforced by appropriate judgments (*Owen* v. *Weston*, 63 N. H. 599), there was no error in the ruling that the court had no power to make such an order upon the facts stated.

The defendants make no claim against Gadbois except for the damages which may be recovered in this suit. By notice to him and the opportunity to defend the suit, which the defendants can give him if they desire, he will be bound as to all the facts determined in this suit which are material to the defendants' claim against him. *Boston & Maine R. R.* v. *Brackett*, 71 N. H. 494. If the facts so determined establish Gadbois' liability to them, the defendants need no further order. If their claim against Gadbois depends upon facts not material to the issue between the plaintiff and the present defendants, such facts could not be determined in this suit, except by a special issue and judgment in which the plaintiff would have no interest. As there would be no occasion to try this issue until the defendants' liability to the plaintiff was established, it would not in the usual course be tried until that question was decided against the defendants; and it would not generally be of any moment to the defendants whether that issue were tried in the original or in a subsequent suit. The defendants have not alleged any facts tending to establish that they would suffer injustice by being delayed in the prosecution of their claim against Gadbois, if they should have one, until they can institute a suit against him. Neither did they set up any facts in the superior court tending to show that in this particular case justice required that the two issues should be tried at the same time. If the fact that Gadbois could, while the defendants could not, prevent the consequences of their negligence renders him liable to them for all the injury which results to them therefrom, including the plaintiff's verdict, that fact, if material to the plaintiff's case and determined so as to charge Gadbois, would prevent a recovery against the defendants. If not material to the plaintiff's case, it would not be determined by any issue now in the case. If not material, there would seem to be no occasion to discuss it in the evidence. The mere statement that such a question may arise between the defendants and Gadbois is insufficient to warrant a finding that justice requires it should be determined in this suit.

As the defendants alleged no facts in support of their motion from which it could be found that justice required the granting of the motion, there was no occasion for a hearing as to the truth of the allegations.

*Exception overruled.*

All concurred.