ERTEL, Respondent, vs. MILWAUKEE ELECTRIC RAILWAY & LIGHT COMPANY, Respondent, and another, Appellant.

*October 27—December 5, 1916.*

*Bringing in new parties: Discretion: Personal injuries: Joint wrong-doers: Execution: Issues between defendants: Contribution:* Res judicata: *Pleading: Evidence: Remarks of counsel: Harmless errors.*

1. The application of a defendant to have a third person, who would be liable over to the applicant, made a party defendant under sec. 2610, Stats., is addressed to the sound discretion of the court; and in this action, wherein the applicant (a corporation) was sought to be held liable for negligence of its servant, refusal to make the servant a party was not an abuse of such discretion.

2. Where a recovery is had against two defendants for injuries found to have been caused by negligence of both, the plaintiff may satisfy his claim out of either.

3. Where plaintiff was injured in a collision between a street car operated by the defendant electric company and a wagon driven by an employee of the defendant fuel company, and the jury found that the negligence of both defendants proximately caused the injury, the court properly denied the motion of the defendant fuel company to have the judgment direct the execution to be first satisfied out of the property of the defendant electric company.

4. The question whether either of said defendants would be entitled to contribution from the other being a matter with which they only are concerned, it was not involved in this case, and the trial court properly refused to allow the fuel company to amend its answer so as to allege that the question of the negligence of its driver was *res judicata,* or to put in evidence the verdict and

judgment in an action by its driver against the electric company for injuries sustained in the collision, wherein it was determined that the driver was not guilty of any want of ordinary care that contributed to his injuries.

5. It was error to refuse to permit the driver to answer a question, asked by counsel for the fuel company, as to whether, when he approached the tracks to drive across, he saw the car and thought that he could cross in safety; but such error does not constitute ground for reversal, the testimony of the driver, taken as a whole, clearly indicating that he claimed he did see the car and thought he could pass the tracks in safety.

6. The fact that in the taking of certain affidavits the defendant fuel company was represented by an insurance company having been called out in connection with the introduction of the affidavits by the fuel company, the error in permitting counsel for the defendant electric company to comment upon the fact that an insurance company was interested in the defense was not a material one, prejudicial to the fuel company, where the trial court admonished and instructed the jury so that they clearly understood that such remarks of counsel were to be disregarded.

APPEAL from a judgment of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

It appears from the complaint that on December 5, 1914, at 6 o'clock p. m., plaintiff was waiting at the northeast corner of the intersection of Third and Poplar streets in the city of Milwaukee intending to board one of the cars of the defendant *Milwaukee Electric Railway & Light Company* (hereinafter called the *Electric Company*), which was then approaching the street intersection, running in a northerly direction on the east side of Third street; that at the same time an employee of the defendant *Milwaukee Western Fuel Company* (hereinafter called the *Fuel Company*) was driving a team of horses attached to a large coal wagon easterly on Poplar street, intending to cross the street railway company's tracks; that while the team of the *Fuel Company* was crossing the tracks it was hit with great force and violence by the approaching street car, causing the wagon to be thrown against plaintiff, seriously injuring him, he suffering a fracture of the skull and injury to his sight. The *Electric Company* an-

swered denying any negligence on its part and alleging that
the collision was due solely to the negligence of the driver of
the coal wagon.    The *Fuel Company* answered denying neg-
ligence on its part and alleging that the injury was caused
solely by the negligence of the *Electric Company's* employees.

It further appears that John Muth, who was the driver of
the wagon owned by the *Fuel Company,* brought an action
against the *Electric Company* and recovered judgment, and
upon the trial of the action against the *Electric Company* the
jury found that Muth, the driver of the coal wagon, was not
guilty of any want of ordinary care on his part which con-
tributed to the injuries that he, Muth, suffered.    The *Fuel
Company* moved to have the driver, Muth, made a party de-
fendant pursuant to the provisions of secs. 2610, 2611, and
2656a, Stats.    This motion was denied and the *Fuel Com-
pany* excepted.    The trial was had and the jury found that
the car of the *Electric Company* was not operated with ordi-
nary care in that it was run at a high rate of speed; that the
motorman failed to ring the gong, failed to keep a proper look-
out, and did not exercise ordinary care after it became ap-
parent that Muth would drive upon the track; that Muth did
not look in the direction from which the car was approaching
at the last opportunity before going upon the track; that Muth
should have appreciated, in the exercise of ordinary care, that
a collision would result unless the speed of the car was ma-
terially reduced, and that the negligence of Muth and the neg-
ligence of the motorman proximately caused plaintiff's injury.
Upon the verdict judgment was rendered for the plaintiff.
Both defendants appealed.    However, on motion of its co-
defendant the appeal of the *Electric Company* was dismissed;
so that the case is now before us upon the appeal of the *Fuel
Company.*

For the appellant there was a brief by *Doe, Ballhorn &
Doe,* and oral argument by *J. B. Doe.*

For the respondent *Ertel* there was a brief by *Lehr &*

*Kiefer,* attorneys, and *Julius E. Kiefer,* of counsel, and oral argument by *Julius E. Kiefer.*

For the respondent *Milwaukee Electric Railway & Light Company* there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke,* and oral argument by *W. T. Sullivan.*

ROSENBERRY, J.    It is alleged that the trial court erred in the following particulars: (1) In denying the *Fuel Company's* motion to make Muth, the driver of the coal wagon, a party defendant in the action.    (2) In denying appellant's motion to amend its answer so as to allege that the question of the negligence of the driver of appellant's coal wagon was *res adjudicata.*    (3) In refusing to allow the appellant *Fuel Company* to show by the witness Muth that when he approached the tracks there was in his judgment plenty of time for him to cross in safety.    (4) In refusing to allow the defendant *Fuel Company* to offer in evidence the verdict of the jury, order for judgment, and judgment in the case of Muth v. Milwaukee Electric Railway & Light Company.    (5) In permitting counsel for the *Electric Company* to comment upon the fact that an insurance company was interested in the defense.    (6) In denying the motion of the *Fuel Company,* after verdict, that the judgment contain a clause directing the execution to be first satisfied out of the property of the *Electric Company.*

Sec. 2610, Stats., is as follows:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties, or any persons not parties to the action have such interests in the subject matter of the controversy as require them to be made parties for their due protection, the court shall order them to be brought in; and when in an action for the recovery of real or personal property a person not a party to the action, but having an in-

terest in the subject thereof, makes application to the court to be made a party it may order him to be brought in by the proper amendment. A defendant against whom an action is pending upon a contract or for specific real or personal property or for the conversion thereof may, at any time before answer, upon affidavit that a person, not a party to the action and without collusion with him, makes against him a demand for the same debt or property, upon due notice to such person and the adverse party, apply to the court for an order to substitute such person in his place and discharge him from liability to either party, on his depositing in court the amount of the debt or delivering the property or its value to such person, as the court may direct; and the court may in its discretion make the order. A defendant who shows by affidavit that if he be held liable in the action he will have a right of action against a third person not a party to the action for the amount of the recovery against him, may, upon due notice to such person and to the opposing party, apply to the court for an order making such third person a party defendant in order that the rights of all parties may be finally settled in one action, and the court may in its discretion make such order. This section shall be liberally construed in order that, so far as practicable, all closely related contentions may be disposed of in one action, even though in the strict sense there be two controversies, provided the contentions relate to the same general subject and separate actions would subject either of the parties to the danger of double liability or serious hardship."

The *Fuel Company,* upon the motion to join Muth as a party defendant, contended that the negligence with which it was chargeable, if any, was the negligence of its employee, Muth, that he would therefore be liable over to it, and that the *Fuel Company* was entitled to have him made a party so that all matters in controversy might be disposed of in one action.

The statute is by its terms permissive. The defendant who shows by affidavit *may,* upon due notice, have a third person made a party defendant, and the court *may* in its discretion make such order. We are of the opinion that the ap-

plication to have Muth made a party defendant was addressed to the sound discretion of the trial court and that the court properly exercised its discretion in this case.

The *Fuel Company* made a strong effort to have determined upon this trial the question of the liability of the *Fuel Company* and the *Electric Company* as between themselves. It must be conceded upon this record that both companies are liable to the plaintiff and that under well established principles of law he has a right to satisfy his claim out of either company. To direct an execution to issue against one or the other of the defendants would amount to depriving the plaintiff of this substantial right. Furthermore, the question as to whether or not either of the defendants is entitled to contribution from the other is a matter with which only the defendants themselves are concerned, and it cannot arise until one or the other has been compelled to bear more than its legal share of the burden. We make no intimation here as to the rights of the defendants against each other. The question may never arise, and until it does it cannot be determined or decided. Therefore we are of the opinion that the trial court was right in denying appellant's motion to amend its answer and in refusing to permit the *Fuel Company* to offer in evidence the verdict of the jury and judgment in the case of Muth v. Milwaukee Electric Railway & Light Company, and in denying the *Fuel Company's* motion after verdict.

Upon the trial the counsel for the *Fuel Company* asked the witness Muth the following question: "State, Mr. Muth, whether or not when you approached the tracks to drive across, and saw the car where you say you did, whether you thought you could pass over it safely or not?" Objection to this question was made and sustained, of which the *Fuel Company* complains.

We think it was clearly error not to permit the witness Muth to answer this question. *Tesch v. Milwaukee E. R. &*

*L. Co.* 108 Wis. 593, 84 N. W. 823; *Grimm v. Milwaukee E. R. & L. Co.* 138 Wis. 44, 119 N. W. 833. While it is error, we cannot upon the whole record say that it constitutes ground for reversal. The testimony of the witness Muth, taken as a whole, clearly indicates that he claimed he did see and observe the car and that he thought he could pass the tracks in safety, although he nowhere says so in that many words. However, he should have been permitted to testify to the facts as they appeared to him at the time and his conclusion therefrom as to whether or not he thought he could pass over the tracks in safety.

It appeared upon the trial that certain affidavits had been taken. A witness who made one of the affidavits was asked who took his affidavit, and in reply he said: "Insurance company and *Milwaukee Western Fuel Company.*" "Q. Insurance company of the *Milwaukee Western Fuel Company?* A. Yes, sir." Another witness testified that his affidavit was taken by one who told him he was representing the *Milwaukee Western Fuel Company* through their insurance company. The affidavits in question were introduced by the *Fuel Company,* and the fact that the *Fuel Company* was represented by an insurance company was commented upon by counsel for the *Electric Company* in his argument to the jury. The trial court, when the matter was called to its attention, during the argument of counsel for the *Electric Company* to the jury, said: "Gentlemen, you will be governed by your recollection of the evidence in this case in this respect and exclude from consideration anything that is not established by the evidence." At another time the court said: "I say to you, gentlemen, you will be governed by your recollection of the testimony." And at the request of counsel for the *Fuel Company* the court further instructed the jury: "At this time I will say to the jury an insurance company is not the defendant in this action. The defendants are the *Milwaukee Western Fuel Company* and the *Milwaukee Electric Railway & Light Company.*"

In this case the fact that the *Fuel Company* was repre-
sented by an insurance company was called out in connection
with the affidavits offered by counsel for the *Fuel Company*,.
and in that respect it differs from *Faber v. C. Reiss C. Co.*
124 Wis. 554, 102 N. W. 1049, and other cases cited to our
attention.   The remarks complained of could only have
served to increase the amount of the verdict, which in this
case was reduced by the trial court from $8,000 to $4,000,.
and upon the whole record we cannot say that there was ma-
terial prejudicial error.   While the admonition of the trial
court might have been more vigorous and emphatic, we think
the jury clearly understood that the remarks of counsel ob-
jected to were to be disregarded.

*By the Court.*—Judgment affirmed.   Respondent *Ertel* to
recover full costs against appellant.   Respondent *Milwaukee
Electric Railway & Light Company* to recover only costs for
printing brief.