WILLIAM J. BEST, plaintiff-appellee, v. C. HARLAND YERKES, appellant, and DENVER M. CROSS, third-party defendant-appellee.

No. 48973.

(Reported in 77 N.W.2d 23)

MAY 9, 1956.

802

Boardman, Cartwright & Druker, of Marshalltown, for appellant.

Haupert & Robertson, of Marshalltown, for third-party defendant-appellee.

L. E. McGinnis, of Marshalltown, for appellee Best.

THOMPSON, J.—On July 13, 1953, a collision occurred between a truck operated by the plaintiff and an automobile driven by the defendant Yerkes. Plaintiff's vehicle was proceeding east on Highway 30 about one mile west of the junction of Highways 30 and 14, in Marshall County. The defendant was going west, following a truck driven by the proposed third-party defendant, Cross. For the sake of brevity and to avoid confusion, the plaintiff will hereinafter be referred to as Best; the defendant as Yerkes; and the third-party defendant as Cross.

The matter was determined upon the pleadings; but it seems to be tacitly conceded, and we shall so assume for the purpose of this discussion, that at the time of the collision Yerkes was on his wrong, or left-hand, side of the road. On July 11, 1955, plaintiff filed his action against Yerkes, alleging damages in the total sum of $10,748.70. The specifications of negligence against Yerkes may be summarized as these: Driving at an excessive speed under existing conditions; driving at a speed greater than that which would have permitted him to stop his vehicle within the assured clear distance ahead; failing to maintain a proper lookout; and failing to yield one half the traveled way when meeting plaintiff's vehicle.

Yerkes answered, in effect denying generally, and specifically alleging that the collision was proximately caused by the negligence of Cross. On July 13, 1955, Yerkes filed his motion supported by affidavit, the substance of the motion being this:

"That Denver M. Cross be brought into this action as a party defendant, on the grounds that defendant C. Harland Yerkes will, if held liable herein, be entitled to a right of action against said Denver M. Cross for any damages which may be adjudged against him, to the end that the rights of all concerned may be determined in one action, as provided by Rule 33(b), Iowa Rules of Civil Procedure."

On the same date that the motion was filed, the Marshall District Court, through Judge M. C. Farber, granted the motion ex parte. On July 20, 1955, Yerkes filed his cross-petition against Cross. He alleged that on July 13, 1953, about 9:45 a.m., Cross was the owner and operator of a motor truck which he was driving west on Highway 30; that Yerkes was proceeding carefully behind Cross' truck; that as Cross' truck was about to meet the east-bound vehicle of Best, Cross suddenly and without any signal or warning slowed the speed of his truck so as to bring it to a stop or "near stop"; that the Cross truck was not equipped with an operating brake light for signaling traffic to its rear; that upon the sudden slowing of the Cross truck Yerkes was faced with an emergency and to avoid colliding with it applied the brakes of his automobile and attempted to guide his car to avoid a collision, but was unable to do so and collided with the Best truck. It is alleged both Best's and Yerkes' vehicles were severely damaged and Best "may have sustained bodily injuries to an extent not known" to Yerkes. The commencement of an action against Yerkes by Best alleging Yerkes' negligence is also pleaded.

After pleading his own freedom from contributory negligence, Yerkes in his cross-petition makes these specifications of negligence against Cross: That he stopped or suddenly decreased the speed of his truck without giving an appropriate signal; he failed to have his truck equipped with a proper signal device to give notice of intent to stop; the brake light on the rear of the Cross truck was defective; knowing of the approaching Best truck, Cross entrapped Yerkes by slowing the speed of his truck without giving an adequate signal, thereby causing an emergency; Cross operated his truck at a speed which was less than reasonable and proper in view of existing conditions.

We summarize the prayer of Yerkes' cross-petition: That it be found Yerkes was in no manner at fault in the collision with Best; that he have judgment against Cross for the damage to his automobile in the sum of $849.13; that if it be adjudged Yerkes was in any manner or amount liable to Best, Yerkes have judgment over against Cross for any amount recovered by Best against Yerkes, or in the alternative that he have a right of contribution against Cross.

Thereafter Cross filed his motion to set aside the order which permitted him to be brought in as a third-party defendant, alleging: That said order was made ex parte and without notice to Cross; that rule 33(b) has no application to the facts in the case, there being no right of action over against Cross even if Best should recover a judgment against Yerkes; there is no provision in law for the granting of the relief demanded in the cross-petition.

It should be noted that the plaintiff, Best, has taken no part in the proceedings relative to the third-party-defendant procedure, the contest here being entirely between Yerkes and Cross. Nor is the ruling of the trial court, that since the original order bringing in the third party was made ex parte it was not binding upon Cross and so Cross' motion to set it aside should be considered as if he had resisted the motion before it was granted, in any way challenged. The court set aside the order making Cross a defendant, and it is this order that is attacked here, leave to appeal having been granted.

The appellant, Yerkes, urges that since the motion to set aside the order was also labeled a "motion to dismiss" and challenged the sufficiency of the facts set out in the cross-petition, such facts must be taken as true. We think this does not aid him. The court did not grant the motion to set aside because of insufficiency of the pleaded facts, but because it thought its determination involved the sound judicial discretion of the court. It said:

"Defendant's action on his counterclaim (cross-petition) involves many elements wholly foreign to the issues between plaintiff and defendant. The status of the defendant on the issue of negligence in the main case and contributory negligence in the cross-petition would be confusing to a jury. The cross-petition prays for judgment for damages to the defendant's car, an issue having no possible connection with the original case. These and other elements of confusion would be created by trying the two cases together." The court clearly concluded it was within its proper discretion in setting aside the original ex parte order permitting Yerkes to bring Cross into the case as a third-party defendant, and it placed its ruling on that ground.

I.  The principal contention between the opposing parties here concerns the question of the right of indemnity or contribution between joint tort-feasors. The appellee Cross supports the ruling of the court by urging that in any event under the case as made by the pleadings Yerkes could not recover from Cross, because if Cross were guilty of any negligence it would be at the most no more than negligence which concurred with that of Yerkes in causing the injuries to Best. Of course, if Yerkes' defense to Best's claim, that the negligence of Cross was the sole proximate cause of the collision, should be sustained upon a trial, there would be no right of "recovery over" against Cross because Yerkes would not be indebted to Best. But if Yerkes were held guilty of some negligence and so required to respond in damages to Best, then the appellee thinks that Yerkes and Cross would be at the most no more than joint tort-feasors, and neither could recover from the other.

The right to indemnity, or contribution, presupposes actionable negligence of both parties toward a third party. 20 R. C. L. 138. It is said in City of Weatherford Water, Light & Ice Co. v. Veit, Tex. Civ. App., 196 S.W. 986, 993: "In every case of the kind it must be presupposed that as to the third party injured both defendants have been guilty of actionable negligence." So here, Yerkes can have no indemnity or contribution unless both he and Cross were guilty of actionable negligence toward Best. It remains to be determined whether if they should be so adjudged, there would be a right of indemnity or contribution.

We have many times expressed the general rule that there can be no contribution between joint tort-feasors. But we have not squarely met and decided the precise question with which the instant case confronts us. It is this: Assuming that active but unintentional negligence of two parties concurs to injure a third party, do the two tort-feasors have a right of contribution against each other? The origin of the rule that such contribution may not be had is apparently in the English case of Merryweather v. Nixon, 8 T.R. 186. The logic behind it was said to be that where two persons are each guilty of an intentional wrong toward a third party, and one is compelled to bear the whole or an unequal share of the burden of recompense, the law will

leave them where it finds them; it will not interfere to settle controversies between such wrongdoers. As the law was developed, the rule has been generally, although not universally, applied to all joint tort-feasors; not only to those guilty of moral turpitude, but to those whose offenses are merely malum prohibitum. But there are many distinctions and exceptions, and it is fair to say that the law, as laws have a tendency to do, has become considerably confused.

While stating the general rule, this court has recognized and applied many exceptions. Thus, in cases of derivative liability, where a principal or employer has been held negligent only because of some act of his agent or employee, he has been allowed to recover indemnity from the one guilty of the actual negligent act. Weidert v. Monahan Post Legionnaire Club, 243 Iowa 643, 651, 652, 51 N.W.2d 400, 404; Rozmajzl v. Northland Greyhound Lines, 242 Iowa 1135, 1143, 49 N.W.2d 501, 506. So in workmen's compensation cases, so-called "safe premises or property" cases, city street and sidewalk cases, cases involving building contractors and subcontractors, cases in which an employee is directed to do an act not openly and apparently wrong, and cases involving the right to indemnity as between the supplier of a defective product which does harm and the merchant who stocks and sells it without inspection, indemnity has been frequently allowed. This is upon the theory that the tort-feasors, while both liable to the injured party, are not in pari delicto as between themselves. For a thorough discussion of this branch of the law see Davis, Indemnity Between Negligent Tort-feasors, 37 Iowa Law Review 517 et seq. Those who wish to study the various deviations from and exceptions to the general rule which denies recovery for one joint tort-feasor against another will find Mr. Davis' article both interesting and informative. They may also find therein a comprehensive analysis of the various Iowa cases which have dealt with the problem; an analysis which the proper limits of a judicial opinion do not permit us to make here.

It is possible here that, as between Yerkes and Cross, a trier of facts might decide that Cross was entirely at fault. Central States Electric Co. v. McVay, 232 Iowa 469, 5 N.W.2d 817; Tuhn v. Clark, 241 Iowa 441, 445, 446, 41 N.W.2d 13, 15, 16, 15

A. L. R.2d 903, and cases cited. The question of a right to contribution if Yerkes and Cross were each guilty of some active negligence proximately causing Best's injuries is more difficult.

While we have in several cases stated the general rule that contribution may not be had by one joint-tort-feasor from another, this court has not discussed the distinction between those cases where the tort was an intentional wrong, involving moral turpitude and deliberate wrongdoing, and those involving only inadvertences, such as negligence. We have spoken of "active" and "passive", and of "primary" and "secondary", negligence. But the terms aid little, and in fact are often difficult to define. Perhaps the majority of courts hold that two persons guilty of concurring acts of negligence which are together the proximate cause of an injury to a third party are joint tortfeasors within the meaning of the rule. See Union Stockyards Co. v. Chicago, Burlington & Quincy Railroad Co., 196 U. S. 217, 25 S. Ct. 226, 49 L. Ed. 453, 2 Ann. Cas. 525; 13 Am. Jur., Contribution, section 48, pages 44, 45, and cases cited. These authorities seem to us to overlook the fundamental basis for denying recovery over, either by way of indemnity or contribution; that is, that the intentional wrongdoer is not entitled, as a matter of public policy, to the aid of the law in adjusting any claims against his confederate, his collaborator in causing a deliberate and planned injury to a third party. This was the reason for the rule adopted in Merryweather v. Nixon, supra. But this reason fails when the tort committed against the third party was due only to inadvertence, without any intent on the part of the tort-feasors to injure him. Consequently we conclude that the minority rule which permits contribution or indemnity in negligence cases has the firmer foundation.

Wisconsin has for some time followed the rule that there may be contribution when the injury to the third party was caused by the concurring negligence of the tort-feasors, without actual intent to harm him. The case of Ellis v. Chicago & Northwestern Railway Co., 167 Wis. 392, 167 N.W. 1048, decided in 1918, contains an instructive and able analysis of the supposed rule against contribution or indemnity and arrives at the conclusion that it should be strictly limited to cases of wrongful

intent. Many of the authorities are reviewed. Union Stockyards Co. v. Chicago, Burlington & Quincy Railroad Co., supra, is considered, but the Wisconsin Supreme Court declined to follow it. The court said (page 409 of 167 Wis., page 1053 of 167 N.W.):

"The facts out of which the injuries in the present case arose involve no moral turpitude, wilful or conscious wrong on the part of either the Railway Company or the Traction Company, and, under such circumstances we think the rule allowing contribution should be followed."

The case of Mayberry v. Northern Pacific Railway Co., 100 Minn. 79, 83, 110 N.W. 356, 357, 12 L. R. A., N.S., 675, 10 Ann. Cas. 754, is cited with approval, and this is quoted from it: " 'There is, it is true, a general rule that the right of contribution does not exist as between joint tort-feasors; but it applies only between persons who by concert of action intentionally commit the wrong complained of.' " To the same effect are cited, with quotations, Jacobs v. Pollard, 10 Cush. (Mass.) 287, 57 Am. Dec. 105; Acheson v. Miller, 2 Ohio St. 203, 59 Am. Dec. 663; Herr v. Barber, 2 Mackey (13 D.C.) 545; Nickerson v. Wheeler, 118 Mass. 295; Paddock-Hawley Iron Co. v. Rice, 179 Mo. 480, 78 S.W. 634; and First National Bank v. Avery Planter Co., 69 Neb. 329, 95 N.W. 622, 111 Am. St. Rep. 541. Not all of these are factually in point, but they do state the rule as depending for its application upon moral turpitude and actual intent to injure.

Wisconsin has followed the rule of the Ellis case in later cases. See Wait v. Pierce, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822, 48 A. L. R. 276; Brown v. Haertel, 210 Wis. 354, 246 N.W. 691 (a moving vehicle case); Ainsworth v. Berg, 253 Wis. 438, 444, 34 N.W.2d 790, 792, 35 N.W.2d 911; Hardware Mutual Casualty Co. v. Rasmussen Drug Co., 261 Wis. 1, 51 N.W.2d 551; State Farm Mut. Auto. Ins. Co. v. Continental Cas. Co., 264 Wis. 493, 59 N.W.2d 425, 426, 427.

Minnesota seems to have adopted and followed the rule permitting contribution where there was no intentional wrongdoing. In Ankeny v. Moffett, 37 Minn. 109, 110, 33 N.W. 320, 321, the Supreme Court said: "It is immaterial whether the ground of Walter's recovery was the negligence of Moffett and

Johnson personally, or that of their agent, the builder. In neither one was there any intentional wrong. In the one case it would be mere negligence in doing a lawful act; in the other case there would be no personal fault whatever on their part." Cited are Nickerson v. Wheeler, supra, 118 Mass. 295, and Bailey v. Bussing, 28 Conn. 455.

Later Minnesota cases, turning upon other points, seem to assume without discussion that the rule permitting contribution where there has been merely concurring negligence without intentional fault applies. Gustafson v. Johnson, 235 Minn. 358, 51 N.W.2d 108; Chapman v. Dorsey, 230 Minn. 279, 41 N.W.2d 438, 16 A. L. R. 2d 1015 (an automobile-collision case).

The Pennsylvania Supreme Court, in Goldman v. Mitchell-Fletcher Co. and Philadelphia Rapid Transit Co., 292 Pa. 354, 141 A. 231, arrived at the same conclusion as did the Wisconsin court in the Ellis case, supra. It said (page 365 of 292 Pa., page 235 of 141 A.): "The rule that no contribution lies between trespassers applies only to cases where the persons have engaged together in doing wantonly or knowingly a wrong." The court quoted with approval from Bailey v. Bussing, 28 Conn. 455, Ankeny v. Moffett, 37 Minn. 109, 33 N.W. 320, and Mayberry v. Northern Pacific Railway Co., 100 Minn. 79, 83, 110 N.W. 356, 357, 12 L. R. A., N. S., 675, 10 Ann. Cas. 754, all supra. The holding of Goldman v. Mitchell-Fletcher Co. et al., supra, was approved and followed by the Pennsylvania court in Anstine v. Pennsylvania R. Co., 352 Pa. 547, 43 A.2d 109, 160 A. L. R. 981. After stating that the plaintiff had been injured by the "joint or concurrent negligence of Davis and the railroad company", the court said (page 550 of 352 Pa., page 110 of 43 A.2d): "The tort was of a class in which contribution is allowed."; citing the Goldman case.

The question was thoroughly discussed and analyzed in George's Radio, Inc. v. Capital Transit Co., 75 App. D. C. 187, 126 F.2d 219. The United States Court of Appeals for the District of Columbia, after stating the rule as originally laid down, when it was held to apply only to intentional joint tort-feasors, points out that the reason for the rule has been lost sight of in those cases which apply it to tort-feasors guilty of no more than

inadvertent acts of negligence, and that the modern trend is to return to the basis for the rule as first expressed in Merryweather v. Nixon, supra. The case under consideration grew out of a three-vehicle collision between an automobile belonging to one Oisboid, a bus operated by the transit company, and an automobile operated by George's Radio. Oisboid having secured a judgment against both the transit company and George's Radio, the lower court held there could be no contribution between the transit company and George's Radio. The Court of Appeals reversed, saying (page 221 of 126 F.2d): "We are, therefore, of opinion that the rule denying contribution in favor of unintentional or negligent tort-feasors is wrong * * *." Many cases holding the same view are cited. Prosser on Torts, 1113 et seq., lists Pennsylvania, Wisconsin, Minnesota, Louisiana and perhaps Oregon as permitting contribution between negligent tort-feasors where there was no actual intent to harm, or moral turpitude.

Without extending this division of the opinion further by a discussion of the applicable reasoning and authorities, we are of the opinion that appellee Cross' attempt to uphold the ruling of the trial court on the theory that in no event could there be a recovery over by Yerkes must fail. There is here no claim or showing of an intentional wrong, or of moral turpitude or any concerted action by the alleged tort-feasors. We hold the true rule to be that under such circumstances there is at least a right of equitable contribution between them.

II. We have pointed out that the court actually seems to have placed its ruling upon the discretion which it undoubtedly had in granting the motion under Rule of Civil Procedure 33(b) to bring in a third-party defendant. We have ourselves held that such discretion exists. Logan v. McMillen, 244 Iowa 1328, 1335, 60 N.W.2d 498, 502; Dosland v. Preferred Risk Mutual Ins. Co., 242 Iowa 1220, 1224, 1225, 49 N.W.2d 823, 29 A. L. R.2d 712. But to say that a court has discretion is ordinarily only one half of the answer. The further question arises whether it exercised a sound, judicial discretion in ruling as it did, or did it abuse it? The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal. Bowers, Judicial Discretion of Trial Courts, sections 10 to 12.

We are cognizant of the appellant's, Yerkes', contention that no problem of discretion is involved here, since appellee Cross' motion to dismiss must be taken to admit all well-pleaded facts, and it raised no such question. But we are limited to the record as made in the lower court, and by the errors assigned here. Only one error is assigned: "The Court erred in sustaining Appellee's Motion to Set Aside Court Order and to Dismiss Cross-petition * * * for the reasons that it did not take into consideration all the facts and circumstances involved in the accident as above described and that it failed to consider the proper meaning and application of Rule 33(b)." This seems to say that the court overlooked certain facts which it should have considered and failed to construe the rule properly; items which we think are a challenge to the fair exercise of the court's discretion.

We are also confronted with the ground upon which the trial court placed its ruling. We grant that a court may not ordinarily sustain a motion upon grounds not urged therein (Gross v. Hocker, 243 Iowa 291, 51 N.W.2d 466) but here the court said that, since the original order bringing in Cross was made ex parte "it appears proper that the court should consider the matter in the same light as if this hearing was on defendant's motion to join Denver (Cross) as a third party and Denver's (Cross') resistance to such motion." This means that the court considered the matter as though the order bringing in the third-party defendant had not been made, and it had only before it the original application and a resistance. It then proceeded to decide the matter upon the basis of its judicial discretion in granting or denying applications to bring in third-party defendants, which it determined against the prayer of the application. It did not place its ruling upon any of the grounds set up in Cross' motion to dismiss, but upon the broad basis of discretion. Undoubtedly, if it were considering the matter, as it did, as a question of ruling upon the original application, it had a right to exercise its discretion; it would have had such right had no resistance been filed. It must also be noted that neither by assignment of error nor in argument has the appellant, Yerkes, challenged the court's right to consider the matter as it did; that is,

as though the order of July 13 bringing in Cross as a third-party defendant had never been made.

The plaintiff has neither joined nor affirmatively acquiesced in Yerkes' motion to bring in Cross, nor has he objected thereto. He asserts no claim against Cross. We are left with the question whether the court, having a sound judicial discretion in the matter, abused it in denying Yerkes the right to bring in Cross as a third-party defendant.

Our rule 33(b) is taken from the Wisconsin statute, section 260.19, and is analogous to Federal rule 14, 28 U.S.C.A. Cook, Iowa Rules of Civil Procedure, Volume 1, pages 230, 231. Accordingly the interpretation placed upon the Wisconsin statute by the courts of that state is highly persuasive. The Wisconsin Supreme Court has on several occasions said that the trial courts of the state have a considerable discretion in applying the rule, and it has uniformly refused to interfere with the exercise of such discretion, or to find abuse thereof. In some cases the discretion has been exercised in favor of bringing in the third-party defendant, in others in excluding him.

In Kresge v. Maryland Casualty Co., 154 Wis. 627, 143 N.W. 668, the plaintiff-company had been compelled to respond in damages to a customer in its store who fell over a toolbox left there by employees of the Northwestern Furniture Company, an independent contractor engaged in making alterations in the building. The defendant, sued by the Kresge Company upon a policy of insurance which the plaintiff claimed covered the liability arising from the accident, moved to bring in the independent contractor, which it alleged was responsible for the injuries. The trial court denied the motion, and the supreme court said (page 631 of 154 Wis., page 670 of 143 N.W.) :

"The controversy between the parties to this suit can be fully and finally settled without the presence of the Furniture Company. It is not necessary that the latter company should be made a party for its protection, because it is not concluded by the result reached on any question litigated in the present action in which it is interested. We do not pass upon the question whether the court in the exercise of its discretion might not have

made the order asked for. We simply hold that it is not an abuse of discretion to refuse to do so."

The Wisconsin statute applicable, now 260.19, supra, was not mentioned in the case; but that it was considered see Schmuhl v. Milwaukee Electric Railway & Light Co., 156 Wis. 585, 146 N.W. 787, where the Kresge case is cited and followed.

Ertel v. Milwaukee Electric Railway & Light Co. and Milwaukee Western Fuel Co., 164 Wis. 380, 160 N.W. 263, was an action for damages for personal injuries sustained through what was alleged to be the concurring negligence of the two defendants, through their employees. The fuel company moved to bring in as a third-party defendant its driver, one Muth, pleading that if it was liable it was through the negligence of its employee and he would be responsible over to it. The trial court denied the motion, and the supreme court said (page 384 of 164 Wis., page 264 of 160 N.W.) : "We are of the opinion that the application to have Muth made a party defendant was addressed to the sound discretion of the trial court and that the court properly exercised its discretion in this case." This case and Schmuhl v. Railway Co., supra, were cited and the rule followed in Wait v. Pierce, supra, 191 Wis. 202, 209 N.W. 475, 210 N.W. 822, 824, 48 A. L. R. 276.

The Minnesota case of Gustafson v. Johnson, supra, 235 Minn. 358, 51 N.W.2d 108, 115, 116, discusses the Wisconsin and other cases, and arrives at the same conclusion. The case involved alleged joint tort-feasors, and an application by one defendant to have a third party brought in. The Minnesota court, while saying the Wisconsin statute (section 260.19, supra) was somewhat more specific than the then Minnesota statute, concluded that the chief objective of both was the same : to enable the parties to dispose of the entire controversy in one action, thereby avoiding delay and circuity or multiplicity of suits. But it was also held that the Wisconsin rule as to discretion was sound. See page 372 of 235 Minn., page 116 of 51 N.W.2d. And in answering a contention of the West Virginia Supreme Court in Rouse v. Eagle Convex Glass Specialty Co., 122 W. Va. 671, 672, 13 S.E.2d 15, 132 A. L. R. 1421, that third-party defendants should not be brought in for many

reasons stated, such as confusion, forcing the plaintiff into a trial embodying undesired or delaying issues, and others, the Minnesota court said (page 371 of 235 Minn., page 115 of 51 N.W.2d) : "It might be said that the answer to this view is, after all, that it is left to the sound discretion of the trial court whether a third party should be brought in at all."

An interesting case upon the point is General Taxicab Assn. v. O'Shea, 71 App. D. C. 327, 109 F.2d 671. There O'Shea sued the General Taxicab Association, alleging injuries sustained through its negligence in causing a collision with another vehicle in which she was riding. The named defendant filed its motion under rule 14(a) of the Rules of Civil Procedure for United States District Courts; the rule which both the Iowa Advisory Committee and Cook's Iowa Rules, supra, say is analogous to our rule 33(b). Submitted with the motion was a proposed third-party complaint, which alleged that the plaintiff's injuries, if any, were caused by the negligence of the proposed third-party defendant (the taxicab company in whose cab plaintiff was riding), and prayed that judgment, if any, should enter against the latter. The plaintiff refused to amend her complaint to plead a cause of action against the third-party defendant, and the trial court denied the motion. The United States District Court of Appeals for the District of Columbia held the trial court did not abuse its discretion. While in the case at bar the plaintiff, Best, has not otherwise indicated his attitude toward the proposed third-party litigation, the record shows that he has not amended his petition to ask relief against such third party, so that the situation is closely comparable to that existing in the O'Shea case.

New York, in its Civil Practice Act, as amended in 1923, has a statute much like our rule 33(b). The courts there have consistently held that its application is governed by the sound judicial discretion of the trial courts. In Greenhouse v. Rochester Taxicab Co., 218 App. Div. 224, 218 N. Y. S. 167, the plaintiff alleged injuries sustained while riding in the defendant's cab. A motion was filed to bring in a street railway company, pleading that the injuries, if any, were caused by the negligence of the streetcar company in striking the cab. The motion was

granted; but on appeal of the plaintiff and the street railway company the ruling was reversed. The appellate division of the supreme court, while stating the rule that the trial court had discretion, thought it had been abused. Stress was laid upon the fact that the taxicab company might claim damage to its cab, an issue with which the plaintiff had no possible concern. While we might not agree that there was an abuse of discretion, the case is of interest as expressing the general rule and in its discussion of the fact that it might be necessary to litigate issues between the defendants in which the plaintiff was not involved. La Lone v. Carlin, 139 Misc. 553, 247 N. Y. S. 665, and Hailfinger v. Meyer, 215 App. Div. 35, 212 N. Y. S. 746, also announce and follow the rule.

In Logan v. McMillen, supra, 244 Iowa 1328, 60 N.W.2d 498, we reversed an order sustaining motions of third-party defendants to dismiss the cross-petition of defendants. But this was because of our holding that the trial court was not exercising its discretion, but in fact placed the dismissal of the cross-petition upon unsound legal grounds. We said (pages 1334, 1335 of 244 Iowa, page 502 of 60 N.W.2d):

"Since they were not parties to the action when defendants' motion was filed nor when it was ruled on, had they then moved the court to reopen that proceeding in order to permit them to resist defendants' motion their motion or application might well have been granted. But they did not do so. Had they challenged defendants' motion the outcome of their attack might have rested in the sound judicial discretion of the court, as ruled in Dosland v. Preferred Risk Mutual Insurance Co., 242 Iowa 1220, 1224, 1225, 49 N.W.2d 823, 29 A. L. R. 712 * * *."

That a motion to bring in third-party defendants is addressed to the fair discretion of the court is settled in Iowa. We have before us at this point only the question whether this discretion was abused. Discretion is an elastic term, and an attempt to define or classify it is a difficult undertaking. "Abuse of discretion" does not necessarily imply a dishonest motive or act; it is not ordinarily a term of reproach. There

is no hard and fast rule by which to determine whether a court has abused its discretion. It arises from action beyond the bounds of fair discretion, exceeding the bounds of reason. It has been defined as "an erroneous conclusion and judgment, one clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." McFarlan v. Fowler Bank City Trust Co., 214 Ind. 10, 14, 12 N.E.2d 752, 754.

The modern trend, evidenced by the almost universal reform in rules and laws affecting civil procedure, is to combine in one litigation all actions arising out of one transaction. Our Rules of Civil Procedure are to be liberally construed to this end. Judge Bliss discussed this development and quoted with approval from section 17.05, Volume 6, Cyclopedia of Federal Procedure, Third Ed., and from Barron & Holtzoff, Federal Practice and Procedure, Volume 1, section 422, page 838, in Logan v. McMillen, supra, pages 1337 and 1338 of 244 Iowa, page 503 of 60 N.W.2d. If the trial court had permitted the bringing in of the third-party defendant it might have been nearer to the spirit of the rules.

But our problem is not whether we would have exercised judicial discretion to the same end as did the trial court, but whether that court went beyond its fair discretion. In a majority of the cases cited above the motion to bring in third parties was denied; yet in no such case did the appellate court find an abuse of discretion. Many of these courts had before them fact situations much like those made by the pleadings in the case before us. The trial court here was of the opinion that the status of the defendant Yerkes on the issue of negligence in the main case and of contributory negligence in the cross-petition against Cross would be confusing to the jury; and it also commented upon Yerkes' claim for damage to his car, an issue having no possible connection with the original case. It said: "These and other elements of confusion would be created by trying the two cases together."

It is our conclusion that we cannot say the trial court acted unfairly, arbitrarily or unreasonably in denying the motion. We may doubt that the possible confusion in the case, as

a disadvantage, would overweigh the advantage to be gained by trying all the issues in one lawsuit. Yet this was a matter within the sound discretion of the trial court; and to say that it went beyond such discretion would in effect be to deny the existence of any discretion, and to fly in the face of the numerous authorities from other jurisdictions which have upheld the exercise of such discretion under comparable facts.

If we were to adjudge this controversy upon the case as made by Cross' motion to dismiss, it is clear from the discussion in Division I that we should reverse. But the court did not place its ruling on any grounds set up in the motion. It said that it considered the matter as though it were ruling upon the original motion to bring in a third-party defendant; and this part of its ruling is unchallenged here. It then proceeded to find that in the exercise of a fair discretion the motion should be denied. Considering that it was ruling upon the motion to bring in Cross as a third party, it had the right to exercise its discretion even though such motion was resisted upon erroneous grounds, or was not resisted at all.

For the reasons set out in Division II we affirm the ruling of the trial court.—Affirmed.

All JUSTICES concur.