DOROTHEA VAN TIGER, appellee, v. HAROLD HENDRICKS et al., appellants.

No. 49230.

(Reported in 85 N.W.2d 543)

OCTOBER 15, 1957.

Haupert & Robertson, of Marshalltown, for appellants.

Boardman, Cartwright & Druker, of Marshalltown, and Harris, Van Metre & Buckmaster, of Waterloo, for appellee, Mervin Van Tiger, third-party defendant.

SMITH, J.—This is defendants' interlocutory appeal by leave of court under our rule 332, R. C. P. Plaintiff brought the action March 19, 1956, to recover damages for her personal injuries suffered in a collision between her car in which she was a passenger and a truck owned by defendant Sonnerberg and driven by defendant Hendricks.

Defendants' answer, filed March 25, 1956, in effect alleged a general denial. Sometime "thereafter" defendants sought,

under rule 33(b), R. C. P., to bring in, as a party defendant, plaintiff's son Mervin Van Tiger, who was driving her car at time of the collision. Their motion alleges the collision and resulting injury to plaintiff "was caused solely by the negligent operation of plaintiff's automobile by her son * * * and if defendants * * * are found liable to plaintiff, they (would) have a cause of action against Mervin Van Tiger."

The date their motion was filed is not shown but it had not been ruled on when they filed a cross-petition against Mervin in which purported facts of the collision and his alleged negligence are pleaded, praying that he be "brought in as a new party to the end that the rights of all concerned may be determined in one action"; that it be adjudged they were "in no manner at fault"; and, in a further paragraph, that if they be adjudged "in any manner or amount responsible in damages" they have "judgment over against" Mervin or in the alternative it be adjudged they have "a right of contribution" against him.

Both plaintiff and Mervin resisted defendants' motion to bring Mervin in and he moved to dismiss the cross-petition. Attached to plaintiff's resistance was her affidavit that Mervin was 16 years old, living in his parents' home, dependent on them for "his care, keep, support and education" and was under their "sole care, custody and control"—in short he was completely unemancipated. Defendants' motion was denied January 18, 1957, and Mervin's motion to dismiss cross-petition was sustained.

Defendants' appeal ensued. Only Mervin files an appellee's brief and argument on appeal. Any further factual details of the collision as pleaded and the proceedings as recorded, so far as may be found pertinent, will be stated as we proceed.

Defendants on appeal thus tersely state their conception as to the sole question presented: "Can a defendant to an action for personal injuries, instituted by a parent passenger, bring in as third-party defendant the plaintiff's unemancipated son, who was the consent driver of plaintiff's vehicle, for the purpose of asserting his (defendant's) right of equitable contribution?"

They thus narrow their original contention which was broad enough to include a possible claim that they would be entitled to recover from Mervin the full sum they might be held

for. Their claim now is only that he might be liable to contribute as a joint tort-feasor. Their allegation that Mervin was "solely" liable may be treated as surplusage. Sheppard v. Atlantic States Gas Co., 3 Cir., 167 F.2d 841, 843.

I. A motion to bring in a third-party defendant under rule 33(b) is addressed to the trial court's sound judicial discretion. In Dosland v. Preferred Risk Mut. Ins. Co., 242 Iowa 1220, 1224, 49 N.W.2d 823, 826, 29 A. L. R.2d 712, we said: "Rule 33(b) does not require that the trial court sustain such a motion. * * * courts generally hold such motions are addressed to the sound judicial discretion of the court. In each case the controlling question is whether the granting of the motion will tend to better serve the interests of justice and expedite the litigation." Citing General Taxicab Assn. v. O'Shea, 71 App. D. C. 327, 109 F.2d 671. See Best v. Yerkes, 247 Iowa 800, 814, 77 N.W.2d 23, 29, 30.

"The exercise of a lower court's discretion is not reviewable; it is only the alleged abuse of that power which is reviewable on appeal." Best v. Yerkes, supra, page 810 of 247 Iowa, citing Bowers, Judicial Discretion of Trial Courts, sections 10 to 12. See 3 Am. Jur., Appeal and Error, section 959, and Iowa cases cited; 5 C. J. S., Appeal and Error, section 1583.

II. We need not canvass appellee's argued distinction between cases in which it is sought to bring in an additional party and those seeking to strike out one already brought in. There is no indication in this record that the trial court had ever acted to bring in Mervin.

The language of rule 33(b) authorizes defendant to "move" to have a party brought in but contains no mandatory language or direction to the trial court: "When a defendant to a petition, cross-petition or counterclaim will, if held liable thereon, thereby be entitled to a right of action against one not already a party, he may move to have such party brought in, *to the end that the rights of all concerned may be determined in one action. * * *.*"

We have italicized above the express purpose of the statute. Rule 74 expressly provides: "Where judgment in the original case can be entered without prejudice to the rights in issue under a cross-petition * * *, it" (that is, the original case) "shall not be delayed thereby."

█ There are difficult and complex legal problems involved in defendants' claim here of a possible right over or right of contribution against Mervin. The trial court might well hesitate in mixing them with the comparatively easy and quite common issues of both law and fact involved in the main case.

Do defendants present a situation in which contribution among joint tort-feasors might be enforced against Mervin under our recent holding in Best v. Yerkes, 247 Iowa 800, 807 et seq., 77 N.W.2d 23? Could a mother have a claim against her son, based on either negligence or recklessness, which defendants might assert if judgment goes against them in the main case?

Or is this a case in which Mervin's negligence, if any, could avail defendants only as a form of contributory negligence or defensively as the *sole* cause of the collision which resulted in her injuries?

We are not disposed to say the trial court abused its legal discretion in refusing to bring Mervin in as a party defendant.

The "Author's Comment" in 1 R. C. P. 230 (Cook, Rev. Ed.) pertinently observes: "The parties here are not 'opposing' under part (a) and are not parties at all under part (b). So it seems these cross-petitions can be held back, to be the subject of a new independent action after the pending one is decided on the merits." Thereby, as we said in the Dosland case, supra (242 Iowa 1224) already cited, we "better serve the interests of justice and expedite the litigation."

We may properly express grave doubt as to the probability of an unemancipated minor son becoming liable under the potential situation presented here, but we refrain from pronouncing an advisory opinion now in absence of the more thorough investigation that would probably be possible in an independent action after trial of the main case. In saying this we do not mean any detraction from the able arguments presented here on both sides.

The decision is affirmed.—Affirmed.

All JUSTICES concur.