SHIRLEY WHEELER WOODS, plaintiff, v. LYLE CHRISTENSEN, defendant, appellant.

LYLE CHRISTENSEN, cross-petitioner, appellant, v. EDWIN LEROY BERG et al., defendants to cross-petition.

No. 49281

(Reported in 86 N.W.2d 98)

November 12, 1957.

Lundy, Butler & Lundy and Donald C. Wilson, all of Eldora, for defendant-cross-petitioner-appellant.

Guthrie & Blackburn, of Webster City, for plaintiff-appellee.

Lund & Lund, of Webster City, and J. J. Henneberry, of Eagle Grove, for defendants to cross-petition-appellee.

THOMPSON, J.—The plaintiff brought her action against defendant Lyle Christensen, alleging that on June 5, 1954, while she was a passenger in an automobile owned by Edwin Berg and operated at the time by his son, Edwin LeRoy Berg, she was injured in a collision with another car owned and operated by Christensen. She specifies various negligences of which she alleges Christensen was guilty.

Christensen filed his answer on September 19, 1956, and on September 21, 1956, a motion to bring into the action as third-party defendants the two Bergs. To this motion was attached a cross-petition against the Bergs, as Exhibit "A". On the same day, and ex parte, the court upon consideration of the motion ordered that Edwin Berg and Edwin LeRoy Berg be brought into the case, and that the proposed cross-petition be filed.

On September 26 next the plaintiff filed her motion to set aside the order bringing the Bergs into the case, alleging various grounds. On September 28 and September 29 respectively, original notices were served on the Bergs advising them that they were made third-party defendants. On October 19, 1956, the court held a hearing upon the plaintiff's motion to set aside the order of September 21 bringing the Bergs into the case; and on the following November 5 entered its order granting the motion.

The Bergs, in response to the original notices served upon them, filed special appearances. Various grounds were alleged; but the only one we find it necessary to consider, identical in each appearance, is this: "That on or about the 5th day of November, 1956, the court entered an order, * * *, which order * * *

is hereby adopted and made a part hereof. That as a result of said order this court has no jurisdiction of said Edwin [or Edwin LeRoy] Berg."

I. Defendant Christensen's motion to bring in the Bergs as cross-petition defendants is predicated, by its terms, upon rule 33(b), R. C. P. We quote this section, so far as applicable: "When a defendant to a petition * * * will, if held liable thereon, thereby be entitled to a right of action against one not already a party, he may move to have such party brought in, to the end that the rights of all concerned may be determined in one action."

Christensen's motion to bring in the Bergs and his cross-petition against them was bottomed upon the claim of a right to contribution from them as joint tort-feasors. Best v. Yerkes, 247 Iowa 800, 77 N.W.2d 23. The trial court, after granting the motion ex parte, later, upon a hearing at which both plaintiff and defendant were represented, granted plaintiff's motion to set aside the order which made the Bergs cross-petition defendants. The court's order upon this hearing specifically "set aside and held for naught" its order of September 21 which brought in the Bergs. This, of course, excluded them from the case. No appeal has been taken from this ruling.

II. The appeal is from the rulings sustaining the special appearances of the Bergs. At the time these rulings were made, the court had already set aside its order bringing them into the case; they were not parties, because the court had refused to make them such. The defendant Christensen makes some complaint that the trial court had no right to exclude the Bergs upon the motion of the plaintiff who, counsel urges, had no concern with the matter of the cross-petition by the original defendant against alleged third-party defendants. We are unable to agree. The plaintiff has some right to have her case tried as against the defendant she thinks liable, without complications arising from the bringing in of other parties and other issues. This is not an absolute right; rule 33(b) above modifies it. The trial court has a considerable discretion in bringing in or excluding proposed cross-petition defendants. Van Tiger v. Hendricks, 249 Iowa 25, 85 N.W.2d 543; Best v. Yerkes, supra, and cases cited. But without doubt the plaintiff has the right to

object; whether her objection will be upheld is for the trial court to say, within the limits of a fair discretion. General Taxicab Assn. v. O'Shea, 71 App. D. C. 327, 109 F. 2d 671; Booth v. Manchester Street Ry., 73 N. H. 527, 529, 63 A. 577, 578. In fact, the trial court having a fair discretion in the granting or denying of motions to bring in third parties as cross-petition defendants, it may exercise such discretion in favor of denial even though no objection is lodged by anyone or from any source, that is to say, upon its own motion, if sufficient reasons appear.

III. The major basis for complaint by defendant Christensen upon this appeal is that he had served a proper original notice and filed a cross-petition against the Bergs, and so they are in the case and a special appearance will not lie. So stated, his position is simple, and clear. He is merely trying to commence a lawsuit in the prescribed, time-honored way. Service of notice, counsel say, gives jurisdiction; the trial court was in error in holding it had none. It is not quite so easy.

If the defendant, as plaintiff in a separate action, had taken the steps outlined above against the Bergs, his position would be unassailable. His difficulty is that he attempted, by the use of rule 33(b), to bring them into an action already pending, in which he was the defendant. The court, by an order from which no appeal has been taken, excluded them. They are not in this lawsuit. Jurisdiction means the right of the court to adjudicate concerning the subject matter in a case, with the parties properly before it. 14 Am. Jur., Courts, section 160, page 363.

Counsel's contention comes to this: having been denied the right to bring in the Bergs under rule 33(b), they claim nevertheless to have brought them in by serving notice and filing a cross-petition. Rule 33(b) would have little meaning if this procedure were upheld. The fact is that Christensen has served notices and filed a cross-petition against persons who are not in the case. The court has no jurisdiction of the subject matter of his claim against the Bergs, because it has declined to take it, as rule 33(b) gives it the right to do. It has no jurisdiction of the persons of the Bergs because they are not parties to the action. True, a notice had been served upon them; but it tells them to appear and defend an action to which the court has definitely ruled they are not parties. If they did appear, they would be

interlopers. Lack of jurisdiction both of the subject matter and of the person clearly appears as to the Bergs. The court properly sustained their special appearances.—Affirmed.

All JUSTICES concur.