Linda LARIMER, Plaintiff,

v.

The RAQUE MANUFACTURING COM-
PANY, INC., a corporation, Defendant
and Third–Party Plaintiff,

v.

BLUE STAR FOODS, INC., a corpora-
tion, et al., Third–Party Defendants.

Civ. No. 79–10–W.

United States District Court,
S. D. Iowa, W. D.

Aug. 18, 1980.

James B. Miller, Omaha, Neb., Michael G. Gallner, Council Bluffs, Iowa, for plaintiff.

Peter J. Peters, Council Bluffs, Iowa, for defendant and third–party plaintiff.

Philip Willson, Council Bluffs, Iowa, for Blue Star.

Emmet Tinley, Council Bluffs, Iowa, for Maryland Cas.

## ORDER

O'BRIEN, District Judge.

This matter is before the Court on the third–party defendant Blue Star Foods, Inc.'s motion to dismiss, filed December 18, 1979. Plaintiff Larimer and defendant Raque Manufacturing Company have resisted this motion and briefs have been filed. Oral argument was heard on June 17, 1980. Upon due consideration the Court finds that the third–party defendant Blue Star Foods' motion to dismiss should be granted.

A brief factual background of this case is in order. Blue Star Foods is an Iowa corporation engaged in the processing of frozen foods, including frozen meat pies. Defendant Raque manufactured and sold to Blue Star a "dough crimper" machine for use in the production of frozen pies. On February 20, 1978, plaintiff, an employee of Blue Star Foods working in proximity to the dough-crimping machine, became entangled in the machine and suffered injuries resulting in the amputation of her right forearm. Plaintiff has received workers' compensation benefits for this injury.

Plaintiff filed suit against Raque, as the manufacturer of the dough–crimper machine, alleging causes of action for strict liability in tort and for negligence in the design and manufacture of the machine. Subsequently, defendant Raque filed a third–party complaint against Blue Star Foods, as plaintiff's employer, alleging that plaintiff's injury was caused by her employer's negligence in failing to instruct and supervise its employees in the use of proper safety measures. Defendant seeks indemnity and contribution from the third–party defendant.

As the basis for its motion to dismiss, the third–party defendant employer alleges that plaintiff can maintain no direct action against the employer because of the Iowa workers' compensation statutes. The employer contends that since no direct action may be brought against it by the employee, neither may an indirect action for contribution and indemnity by the manufacturer be successfully brought.

This Court has decided this identical issue recently in the case of *Williams v. Weiler & Co.,* Civil No. 75–34–W, United States District Court for the Southern District of Iowa, Western Division, decided June 29, 1979. In the *Williams* case, the Court held that the third–party defendant employer should be dismissed. A summary of the Court's reasoning in that case is as follows.

Iowa substantive law applies to this case. *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Iowa allows equitable contribution between joint tort feasors where there is no intentional wrong, moral turpitude, or concert of action. *Best v. Yerkes,* 247 Iowa 800, 77 N.W.2d 23 (1956). However, before equitable contribution will be allowed, there must be common liability between the alleged tort feasors. *Id.* By statute and case law, jurisdiction of the subject matter of cases between employers and employees for injuries arising out of and in the course of employment is exclusively in the Industrial Commission, and the District Court has no jurisdiction of the subject matter of such cases. Code of Iowa § 85.3 and § 85.20; *Steffens v. Proehl,* 171 N.W.2d 297 (Iowa 1969). The employer's liability to its employee is governed by the Iowa Workers' Compensation Act and is not dependent upon negligence. *Bradshaw v. Iowa Methodist Hospital,* 251 Iowa 375, 101 N.W.2d 167 (1960). Thus, coverage under the Workers' Compensation Act provides a special defense to the employer in suits by the employee. Because of this special defense, where the Iowa Workers' Compensation Act is applicable, there can be no common liability between the employer and the third party (manufacturer). Since the element of common liability is a prerequisite to the

right of equitable contribution under *Best v. Yerkes, supra*, the third party (manufacturer) can secure no contribution from the employer.

 The Iowa decisions have consistently followed the rule that where an employee may not bring suit directly against the employer, neither may a third person sued by the employee bring a third–party action against the employer for contribution and indemnity. *See Iowa Power and Light Company v. Abild Constr. Co.*, 259 Iowa 314, 144 N.W.2d 303 (1966); *Blackford v. Sioux City Dressed Pork, Inc.*, 254 Iowa 845, 118 N.W.2d 559 (1962); *Bradshaw v. Iowa Methodist Hospital, supra; Hysell v. Iowa Public Service Co.*, 534 F.2d 775 (8th Cir. 1976), appeal after remand 559 F.2d 468; *Great Northern Ry. Co. v. Bartlett and Co. Grain*, 298 F.2d 90 (8th Cir. 1962).

The Court recognizes the relative strengths and weaknesses of this result. Especially bothersome is the argument that employers would have greater inducement to be more safety conscious of on–the–job working conditions if they were subject to suit for their negligence. The reader is invited to refer to this Court's earlier opinion in *Williams v. Weiler & Co.* where these policy issues are more extensively dealt with. However, the Court must hold, as it held in *Williams*, that any such modifications to the workers' compensation system must be made by the Iowa legislature. It would be improper for this Court to undertake such a modification in light of the numerous policy considerations involved. However, the Court would take this opportunity to again renew the invitation of the *Abild* court and respectfully suggest that the Iowa legislature reexamine the workers' compensation system in light of these issues.

 As an alternative argument, defendant contends that this case should come within an exception to the general rule that a third–party action may not be brought for contribution and indemnity against the injured plaintiff's employer where the Iowa Workers' Compensation Act is applicable. Defendant cites *Blackford v. Sioux City Dressed Pork, Inc., supra*, for the proposi-

tion that if a plaintiff (as an injured employee) can sue a third party, then the third party may in turn sue the plaintiff's employer for indemnity and contribution where the employer *has breached an independent contractual duty owed to the third party*. Defendant says that there is an independent contractual duty in the instant case, alleging that the original contract of sale of the dough–crimping machine included an implied provision that the employer (as the buyer of the machine) would exercise due care in its use. This is a novel theory and argument. However, the Court finds that any such implied duty to use due care that may be contained in the contract of sale is not enough to give rise to an implied agreement or duty to indemnify or contribute to any judgment awarded against the defendant. To impose such a duty on the employer would in effect bypass the workers' compensation laws of Iowa and render the workers' compensation system far less potent than the legislature of Iowa intended.

For the reasons set forth herein, the Court finds that defendant Raque Manufacturing is not entitled to contribution or indemnity from the employer Blue Star Foods. Accordingly,

IT IS ORDERED that defendant's motion to dismiss is granted.