Donald FUCHS, Plaintiff-Appellee,

v.

Harry ROSE, Defendant-Appellee.

Harry ROSE, Cross-Petitioner-Appellee,

v.

E. H. BUELTEL, Defendant on Cross-Petition-Appellant.

No. 54430.

Supreme Court of Iowa.

May 5, 1971.

James Furey and Leighton A. Wederath, Carroll, for defendant on cross-petition-appellant.

Wunschel & Schechtman, Carroll, for plaintiff-appellee.

Edward S. White, Carroll, and Bruce Snell, Ida Grove, for defendant and cross-petitioner-appellee.

BECKER, Justice.

This is an action for damages to the trailer portion of a tractor-trailer unit. Plaintiff Fuchs, as owner of the trailer, sued defendant Rose as bailee of the trailer at the time it was damaged. The action was in four counts bottomed on various theories of bailment and negligence. Defendant Rose cross-petitioned against cross-defendant Bueltel, claiming that if he, Rose, was found to be liable to Fuchs, then Bueltel was liable to Rose. On a general verdict form the jury found for plaintiff. In answer to a special interrogatory the jury found cross-defendant Bueltel to be lessee of the trailer. Thereupon judgment was entered in favor of plaintiff Fuchs against cross-defendant Bueltel. Bueltel appeals. We affirm.

A fairly detailed review of the evidence is necessary. Plaintiff Fuchs owned a trailer unit suitable to haul cattle. It was the only trailer of the exact type available in the community. Cross-defendant Bueltel needed such a trailer to haul a load of cattle to Hampton, Iowa. He called Fuchs' home and in Fuchs' absence received permission from Mrs. Fuchs to use the trailer.

Bueltel then contacted defendant Rose who owned a tractor suitable for pulling Fuchs' stock trailer. The men agreed Rose's tractor would be used but there is disagreement as to when Rose told Bueltel he would not furnish a driver.

At any rate Rose went to the Fuchs' home and got the trailer with no further permission from Mrs. Fuchs or anyone else. No one claims this was a wrongful taking. By prearrangement Rose drove the now completed unit to the stockyard where he and Bueltel loaded the cattle into the trailer. The unit was then driven to a nearby truck stop where the two men met a Mr. Burgart who drove the truck to Hampton but had an accident on the way.

The parties treated bailment and lease as synonymous in this case. The person who would be found to be lessee as to Fuchs would be liable if negligence (aided by a presumption) was proved. The action was bottomed on such a theory. Thus one of the fighting issues revolved around whether Burgart, as driver of the unit, was working for Rose or for Bueltel. On the one hand Bueltel called Burgart from the stockyards just before the cattle were loaded and asked him to come and drive the truck. Bueltel himself testified Burgart was a regular employee of his. Burgart says he had been working for Bueltel about six years. In addition, as to the lessor-lessee relationship, Bueltel handled all negotiations with Mrs. Fuchs.

On the other hand Rose gave Burgart all instructions on how to handle the unit, picked Burgart up after the accident and Burgart says he thought he was working for Rose, not Bueltel. Rose himself picked up the trailer and was the owner of the tractor. There was other evidence on this question, some of which was conflicting, but enough has been said to outline the issue.

I. Faced with this situation the court submitted the case in a manner inconsistent

with the pleading but within the fair purport of the evidence as it developed. This takes some explanation.

■ Fuchs sued Rose. He made no claim against Bueltel. Rose cross-petitioned against Bueltel. Fuchs did not amend to include Bueltel as a principal defendant. But when judgment was entered on the verdict and interrogatory it was in favor of Fuchs as plaintiff against Bueltel, an individual whom Fuchs had not sued. This result is unusual and would constitute reversible error had Bueltel objected to the manner in which the case was submitted. This he did not do.

As the case developed the real issue was, "Who leased or borrowed the trailer? Rose or Bueltel?" Apparently to clarify the issues and simplify the manner of submission the court submitted two forms of verdict and one interrogatory.[1] It will be noted verdict No. 1 names the person in whose favor the jury finds but does not name the person against whom it finds. This would, of course, be determined by the answer to the interrogatory. Although the parties all objected to various portions of the instructions no one objected to this manner of submission.

We revert for a moment to the pleadings, to our Rules of Civil Procedure and by analogy to the Federal Rules of Civil Procedure. Our rule 33(b), R.C.P. is patterned after Wisconsin's statute W.S.A. 260.19 and is analogous to Federal Rule 14. Thus the comment found in I Iowa Rules

of Civil Procedure Annotated, rule 33, page 222, suggests the federal decisions may be instructive but not conclusive. Before 1946 the Federal Rules of Civil Procedure allowed a defendant to bring in a cross-defendant and make him a defendant for all purposes; i. e., allowed a party to be made a defendant as to plaintiff even though plaintiff did not sue that particular person. Such a practice is now prohibited under the F.R.Civ.P. No. 14. 1 Barron and Holtzoff, Federal Practice and Procedure, § 471, p. 837.

Falls Industries, Inc. v. Consolidated Chem. Indus., Inc., 258 F.2d 277 (5 Cir. 1958), contains many of the same problems we encounter here. Among other things the case holds that defendant cannot bring in a third-party defendant as a person who is liable to plaintiff. But the case also holds that where a cross-defendant is brought in as liable over to defendant *and the parties at trial treat the cross-defendant as allegedly liable to the original plaintiff* and so conduct the case, the court may treat the issues as though plaintiff had in fact amended to sue the cross-defendant directly and decide the case on that basis. We agree.

We do not hold that a defendant may, by cross-petition, foist an unwanted defendant on plaintiff against plaintiff's will. Ordinarily, where a party is not indispensable, plaintiff should not be forced to sue anyone. He would have an option to make the new cross-defendant a principal defendant by amendment to his petition. But

1.
"Instruction No. 18
"FORM OF VERDICTS
"Form of Verdict No. 1
"We, the jury, find for the plaintiff and fix the amount of his recovery in the sum of 4,375.79 dollars.

/s/ Art Polking
Foreman.

"Form of Verdict No. 2
"We, the jury, find for the defendant and defendant on cross-petition.

Foreman.

"Interrogatory No. 1
"Who was the lessee of the trailer at the time it was damaged? Answer: E. H. Bueltel.
(Insert name above)

/s/ Art Polking
Foreman

"BY THE COURT:

/s/ A. J. Braginton
Judge."

such a move is not essential to the case against the original defendant. Plaintiff did not so amend in this case. Therefore a judgment in favor of Fuchs and against Bueltel is not justified by the pleadings. However the instructions must be predicated on the pleadings *and on the evidence*. Adams v. Deur, 173 N.W.2d 100, 113 (Iowa 1969). In the Adams case reversal was ordered because a specification of negligence which was not pled was submitted to the jury. The case differs from the instant case because proper objection was made calling the court's attention to such discrepancy. The evidence in this case, as distinguished from the pleadings, permitted submission of the issue in the manner employed by the court. If this type of submission was objectionable to any of the parties the court's attention should have been directed to the deficiency.

The jury was justified by the evidence in reaching its verdict and answer to interrogatory. We need not speculate as to the alternative; i. e., submission of the case as a claim against Rose and a cross-claim by Rose against Bueltel. No one argued to the court that this latter, more elaborate method of submission should be used. Since the parties did not bring the trial court's attention to the matter they cannot urge the deficiency here as grounds for reversal. Rule 196, R.C.P.; Schall v. Lorenzen, 166 N.W.2d 795 (Iowa 1969); Vint v. Ashland, 258 Iowa 591, 139 N.W.2d 457, 463 (1966).

Cross-petitioner's reply brief contains the following statement: "If the court made the question of 'who borrowed the trailer' the nub of the case, it did so only by disregarding the parties' pleadings.

"Rule 206 does not authorize a special verdict on an issue outside the scope of the pleadings. Petitions and answers are not anachronistic formalities to be discarded and forgotten when the trial begins." We agree. The point of this division is that the principle applies to *both* the court and trial counsel. If the manner of submission constitutes a prejudicial departure from the pleadings it is counsel's duty to alert the court to the problem. This is the plain import of rule 196 R.C.P. In the absence of such action the error is waived. The court submitted the determinative question presented by the evidence. The objection now urged was not presented to the trial court and is not available here.

II. Cross-defendant also contends the lease from Fuchs was proscribed by the regulations of the Iowa Commerce Commission.[2]

It is clear the jury found existence of an oral lease or a lease by implication from the actions of the parties. This was not the written lease required by statute. Does this make the arrangement so illegal that the innocent lessor or borrower cannot recover in any event? We think not. As between lessor and lessee, under the circumstances of this case, the fact there was no written lease should not be held to bar recovery.

In 6A Corbin on Contracts, § 1533, p. 809, it is stated:

"The truth is that the effect to be given to an illegal element that is found in or is connected with a bargain hardly ever depends, or should depend, upon who alleges or proves it or upon the manner in which

2. Reg. 3.6(5) of the Commerce Commission provides:
    "Conditions. Any lease of equipment by any truck operator or contract carrier except under the following conditions is prohibited:
    "(a) Every such lease must be in writing and signed by the parties thereto or their regular employees or agents duly authorized to act for them.
    "(b) Every lease shall specify the

time the lease begins and the time of circumstances on which it ends.
    "(c) Every lease shall set out the specific consideration or method of determining compensation.
    "(d) Every lease shall provide for the exclusive possession, control, and use of the equipment and for the complete assumption of responsibility in respect thereto by the lessee for the duration of said lease."

it comes to the court's attention. Instead, it depends upon the character of the illegality, the degree of fault and responsibility in the parties, the intent of the legislature in assessing penalties and in providing or limiting remedies, the persons for whose protection the particular element has been declared to be illegal, the extent of the forfeiture that refusal of relief will entail, and the manner in which the court can best subserve the public interest and welfare."

In Calamari and Perillo on Contracts, pp. 569–570, it is stated:

"* * * a plaintiff who has performed under the illegal bargain may recover if the statute is merely malum prohibitum 'and the denial of relief is wholly out of proportion to the requirements of public policy or appropriate individual punishment, * * *.' An English judge has made sound observations in this regard. Judge Devlin in St. John Shipping Corp. v. Joseph Rank Ltd., stated: 'Caution in this respect is, I think, especially necessary in these times when so much of commercial life is governed by regulations of one sort or another, which may easily be broken without wicked intent. * * * Commercial men who have unwittingly offended against one of a multiplicity of regulations may nevertheless feel that they have not thereby forfeited all right to justice.' "

The commerce commission regulations are indeed a part of the law of the land and must be obeyed. If a lease had been procured this lawsuit would no doubt have been unnecessary. But we are unwilling to deny recovery under the circumstances shown here simply because the lease was not in writing.

■ III. Cross-defendant's specific complaint to failure to instruct as to burden of proof is based on an adequate record. However, the court did instruct on the burden of proof as to all parties. We have examined the instructions and find no reversible error.

■ IV. Cross-defendant's objection as to failure to instruct on the elements of a lease, admission of testimony of custom, and failure to declare a mistrial because the subject of insurance was mentioned have all been examined with care. We find no merit in any of those assignments.

Affirmed.

All Justices concur, except RAWLINGS and LeGRAND, JJ., who dissent, and REYNOLDSON, J., who takes no part.