Max Duane COWMAN, Appellee,

v.

Russell J. LaVINE, Appellant.

No. 2–56715.

Supreme Court of Iowa.

Oct. 15, 1975.

Hopkins, Bump & Huebner and Mike Wilson, Des Moines, for appellant.

Comito, Roehrick & Vincent, Des Moines, for appellee.

Heard by MOORE, C. J., and REES, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

REES, Justice.

This is an appeal by defendant Russell J. LaVine from judgment entered against him on a jury verdict in an action for damages for slander. Defendant's post trial motion for a new trial was overruled, and defendant appeals. We reverse and remand for a new trial.

The allegedly slanderous statements which spawned this litigation occurred at an August 28, 1972, meeting of the city council at Des Moines, at which defendant was present in his capacity as city councilman. Plaintiff at that time was assistant chief of the city's auxiliary police department, of which he had been a member since 1968. The statements made by defendant are not disputed. During a discussion at the council meeting concerning the auxiliary police department, defendant made several statements regarding plaintiff, from which we excerpt the following:

"I heard Mr. Chenoweth [city manager Tom Chenoweth] on television and had he taken the trouble to do what I did and get the arrest record of this man [plaintiff Cowman] from the B.C.I. of the State of Iowa and the F.B.I. rap sheet, he would find that the man is convicted of a felony, did some time, was released on parole, was picked up on another felony charge and put back in for violation of parole and has an AWOL and some other things."

\* \* \* \* \* \*

"He does have a felony conviction for forgery. Did some time on it. Later was released on parole. Was picked up and charged with rape, but was put back in for violation of parole and the rape

charges never pursued. But he does have a felony and when you go on the radio and newspaper and say that Scott [another councilman] and LaVine are continually wrong and that this man doesn't have a felony—you are wrong."

Plaintiff commenced the within action in the district court of Polk County by filing his petition on September 13, 1972. In his petition he alleged that on or about the date of the council meeting above referred to, "The defendant herein did publicly, in an open Des Moines City Council meeting, accuse the plaintiff of having been convicted of a felony. That said plaintiff claims the foregoing statements to be false, malicious, and slanderous." The petition specifically alleged defendant slandered the plaintiff by stating plaintiff had been convicted of the crime of forgery, that he had a felony record, and that plaintiff had had his parole revoked.

The case had a rather long and complicated pre-trial history. On January 25, 1973, before answer, plaintiff filed a motion for summary judgment and in an affidavit attached asserted he had never been convicted of a felony, claiming the statements defendant made referred to plaintiff's juvenile record, and further asserting that as a matter of law a juvenile cannot be convicted of a felony. The motion for summary judgment also alleged defendant's statements were slanderous per se.

On February 6, 1973, defendant filed answer generally denying the allegations of plaintiff's petition, and affirmatively alleging that at the time of the purported statements defendant was a member of the City Council of the City of Des Moines and that any statements made by him were made in the course of official proceedings relating to a matter in the line of his duty as a public officer and were therefore privileged.

Defendant later filed resistance to plaintiff's motion for summary judgment asserting in an affidavit attached his status as city councilman at the time he made the

statements and denying malice in making them. He also attached to the affidavit a copy of plaintiff's "criminal record" from the files of the State Bureau of Criminal Investigation which showed, in part, the following:

| Arrested or received | Charge | Disposition |
|---|---|---|
| 2-21-57 | Forgery | 2-22-57 Rel. to Juv.Court |
| 3-12-57 | Forgery | Until 21 yrs. of age 11-8-57 Paroled |
| 10-28-58 | Violation of parole (Hold for Juv. Ct.) | (no entry) |
| 6-24-60 | AWOL | 6-24-60 - Rel. to Mil. Auth, |
| 10-9-62 | Invest. | 10-10-62 Rel. |
| 3-26-63 | Attempt B&E | Held to GJ under $1000 bond 6-20 3 Ignored by G.J. |
| 3-26-63 | Intox. & Invest. | 3-26-63 (1) G.Dism. (2) Rel. Deputy Shor. [unintelligible] of Polk County, Iowa |
| 7-2-64 | Poss. burglar tools | [no entry] |

Another sheet attached to the defendant's affidavit listed "attempted rape" as the violation of parole referred to in the above entry of October 28, 1958.

On February 21, 1973, Judge Thomas S. Bown overruled plaintiff's motion for summary judgment, by calendar entry as follows: "Statements are slanderous per se. Defendant has qualified privilege. Proof of malice is for the jury."

Approximately four months later, on June 27, 1973, defendant filed his motion to bring in the City of Des Moines as a third party defendant with affidavit and a copy of his proposed cross-petition attached. In his motion defendant asserted that if he were held liable to plaintiff, defendant would thereby be entitled to maintain an action against the city by virtue of § 613A.2, The Code, 1971, which provided for the liability of governmental subdivisions for torts of its officers, employees, or agents acting within the scope of their employment or duties. In said affidavit defendant again declared, *inter alia*, he was acting in the performance of his duties as a councilman on the date the alleged defamatory statements were made. He also attached a copy of a letter from Attorney Terrence Hopkins, who had apparently been engaged by the city to assist defendant in the case, addressed to City Attorney of Des Moines. In his letter Mr. Hopkins expressed the opinion the city would be required to defend Mr. LaVine and to pay any judgment rendered against him, basing his conclusion on the provisions of § 613A.8, The Code, 1971, which we cite in pertinent part *infra*.

In an order filed the same day, Judge Wade Clarke sustained defendant's motion to bring in the city as a third party defendant, and defendant thereupon filed his cross-petition.

On July 6, 1973, the City of Des Moines entered its appearance and requested a continuance. Judge Harry Perkins on that date ordered a hearing on the application for continuance to be held on July 9 before Judge A. B. Crouch.

On July 9 plaintiff filed a resistance to the city's application for continuance and a motion to set aside the ex parte order entered by Judge Clarke authorizing the filing by defendant of the third party petition against the city. Following hearing Judge Crouch sustained plaintiff's motion, holding that Judge Clarke's ex parte order to bring in the city be set aside and a new hearing on the original motion to bring in third party defendants be held two days later. After the subsequent hearing, Judge Crouch overruled defendant's motion for leave to bring in the city as a third party defendant, stating in his order, "[T]he motion * * * will be denied because of the delay in filing the motion for nine months, as I view it. I think the petition was filed in September, and it [defendant's motion] was not filed until after the trial date was selected."

Because of Judge Bown's ruling in which he held defendant's statements at the council meeting were qualifiedly privileged, the issue as to whether defendant's statements were motivated by actual malice became significant at trial. The following matters which occurred at trial are pertinent to this appeal.

On plaintiff's motion, trial court excluded from evidence that portion of plaintiff's "criminal record" which referred to the

charge of attempted rape as the basis for violation of his parole from the State Training School for Boys, and similarly excluded the portion of the city council transcript in which defendant referred to the charge of "rape" against plaintiff. In its order excluding the above referred to matters from evidence, the court concluded the prejudice to plaintiff from the references to attempted rape·outweighed the probative value of the excluded matter on the issue of absence or presence of actual malice.

Plaintiff introduced evidence of other statements by defendant which he alleged were republications or further and additional slanderous statements relating to the original defamation and from which the jury might have drawn an inference that defendant acted with actual malice in making his original statement.

During the cross examination of the defendant, the following record was made:

"Q. Right now do you believe that Mr. Cowman is not a convicted felon, you Russ LaVine?"

"A. No, sir.

"Q. You do not believe he is a convicted felon?

"A. I do not believe that he is not a convicted felon, based on this.

"Q. You believe he is still then in your own mind a convicted felon.

"A. Yes, sir."

The foregoing testimony became material to this appeal because sometime after the jury began its deliberations, the following written question was submitted to the trial judge:

"To Judge Wheeler

"Is Mr. LaVine's testimony in court in this trial that he believes Max Cowman to be a convicted felon a republication per instruction # 8."

Instruction # 8 advised the jury they were permitted to draw an inference of malice from evidence of republications of the allegedly slanderous statements purported to

have been made by defendant. In response to the above inquiry, the court gave to the jury the following written additional instruction:

"You have heard the evidence in this case and all of the evidence which has not been stricken may be considered by you for the purposes admitted in accordance with the instructions which have previously been given you.

"The jury will now return to the jury room to resume deliberations."

The following portion of instruction # 7 submitted to the jury by the trial court is pertinent to this appeal:

"You are instructed that the Court has by a ruling made prior to the trial in this case determined that the plaintiff has not been convicted of a felony and that if the statements alleged by plaintiff to have been made by defendant on August 28, 1972, at a meeting of the Des Moines City Council were actually made by the defendant, that said statements were false."

The earlier ruling referred to in instruction # 7 was obviously Judge Bown's order overruling plaintiff's motion for summary judgment.

Defendant states the following issues for review which he asserts entitle him to a new trial:

(1) The district court, by Judge A. B. Crouch erred in setting aside the prior order of Judge Clarke to bring in the City of Des Moines as third party defendant;

(2) the district court by Judge Crouch erred in denying defendant's motion to bring in the City of Des Moines as third party defendant, which motion Judge Clarke had previously allowed;

(3) the trial court erred in overruling that part of defendant's motion for a new trial which claimed the verdict was contrary to law because it was returned on a cause of action which existed only against the City of Des Moines;

(4) the trial court erred in overruling that part of defendant's motion for a new trial which claimed the judgment against defendant was not supported by sufficient evidence;

(5) the trial court erred in submitting to the jury instruction number seven, which stated the falsity of defendant's statements had been established prior to trial;

(6) the district court by Judge Thomas S. Bown erred in the findings of the order overruling plaintiff's motion for summary judgment;

(7) the trial court erred in giving its first additional instruction in response to the jury's inquiry during its deliberations;

(8) the trial court erred in excluding from evidence a portion of plaintiff's "criminal record" referring to a charge of attempted rape as the basis for violation of parole from the State Training School for Boys;

(9) the trial court erred in excluding from evidence a portion of the transcript of the city council proceedings in which defendant referred to a charge of rape against plaintiff;

(10) the trial court erred in its ruling on plaintiff's motion in limine conditionally prohibiting defendant from referring to certain parts of plaintiff's "criminal record" at trial, and further erred in sustaining plaintiff's objections to the portion of defendant's opening statement which forecast introduction of the entire records at trial;

(11) the trial court erred in overruling that part of defendant's motion for a new trial which claimed the verdict was excessive.

We find merit in issues (7), (8) and (9) and conclude trial court's errors in connection therewith entitle defendant to a new trial.

■ I. Defendant states as one of his principal issues for review that trial court should have as a matter of law answered "no" to the jury's inquiry as to whether defendant's statement in court that he be-lieved plaintiff to be a felon could be considered as a republication of the allegedly defamatory statements originally made in the city council meeting. In order to understand the significance of the challenged additional instruction, it is necessary to set out, in pertinent part, instruction # 8:

"Evidence of other statements by defendant has been received during the trial which are alleged by plaintiff to have been republications or further statements which were slanderous and that these statements were made concerning the plaintiff.

"In this regard, you are instructed that further statements made by a person against another which are slanderous may be used and accepted by you as evidence of actual malice, although you are not required to do so. Further, the republication or repetition need not be shown to have been made in precisely the same language as the original slander charge. If the repetitions are in words of like import and refer to or allude to the plaintiff, then these repetitions are admissible to show actual malice.

"Thus, if you find that certain republications were made by the defendant and referred to or alluded to the plaintiff, then this may be considered as further evidence of actual malice in determining whether the defendant was actuated by actual malice when he made the original publication."

We conclude trial court erred in permitting the jury to consider defendant's statements on cross examination a republication of the utterances made by defendant in the council meeting. The application of prior case authority and sound judicial policy requires a reversal of the trial court and a remand of this case for a new trial.

Particularly pertinent to our conclusion above are two opinions of this court in cases involving identical litigants, *Robinson v. Home Fire and Marine Ins. Co.*, 242 Iowa 1120, 49 N.W.2d 521, and *Robinson v. Home*

*Fire and Marine Ins. Co.,* 244 Iowa 1084, 59 N.W.2d 776. In the interest of brevity we shall refer to the two cases hereinafter as *Robinson I* and *Robinson II.*

In *Robinson I,* at page 1126 of 242 Iowa and page 525 of 49 N.W.2d, we held that a matter reasonably pertinent to the issues in litigation is absolutely privileged, whether contained in pleadings, affidavits, or statements made by witnesses to counsel before trial or made in open court. In *Robinson II* we affirmed the rule that other defamatory publications similar to the one charged are generally admissible on the issue of actual malice, provided they are not privileged, but adopted the majority rule that other privileged communications may not be shown to prove malice in the making of the privileged communication charged, at least until there is other testimony tending to establish such malice. We believe the policy enunciated in the *Robinson* cases is persuasive and applicable here.

Although the permissible inference of malice from republication of slanderous statements is well established in our law, the justification behind allowing such inference has little, if any, logical force in the instant case. Where it occurs outside court, republication may be relevant as circumstantial evidence probative of the declarant's state of mind—an issue upon which direct evidence is generally lacking. Where, however, defendant testifies in response to a direct question on cross examination, that he still believes plaintiff to be a felon, there is no basis for treating such statement in that manner.

The record in this case illustrates the danger in permitting a permissible inference to operate in a context to which it is not suited. The jury might properly draw from defendant's testimony a number of inferences. Any inference drawn, however, should be wholly unaffected by whether or not they might label such testimony as a "republication." The inquiry to the court from the jury during their deliberations abidingly indicates to us they attached some importance to that label and their confusion in that respect should have been corrected by the court in an additional instruction. The trial court might well have informed the jury it could draw all inferences from the defendant's testimony which reasonably flowed therefrom, but we conclude the court was obliged to instruct the jury defendant's testimony in open court was not a republication within the meaning of instruction # 8. We must presume the question asked was important enough that an erroneous answer thereto or a failure to answer the same may well have affected the verdict, to the prejudice of the defendant. For the court's failure to properly instruct the jury in response to its inquiry, we must reverse.

II. Because of the likelihood of retrial of this case, we deem it advisable to discuss defendant's other assignments of error.

▇ We find merit in defendant's contention trial court erred in excluding from evidence that portion of plaintiff's criminal record which referred to a charge of attempted rape as the basis for the violation of his parole from the State Training School for Boys. Similarly, the court erred in excluding from evidence that portion of the transcript of the August 28, 1972, city council meeting at which defendant referred to a charge of "rape" against plaintiff. We cannot agree the prejudice to plaintiff from such references to attempted rape outweighs the probative value of the testimony on the issue of absence or presence of actual malice.

▇ A determination as to the relevancy and materiality of evidence rests largely in the discretion of the trial court. *Hagenson v. United Telephone Co. of Iowa,* 209 N.W.2d 76, 80 (Iowa 1973); *State v. Graham,* 203 N.W.2d 600, 604 (Iowa 1973). Nonetheless, we conclude trial court abused its discretion in this instance.

▇ Plaintiff admits in his brief and argument that evidence of the charge of attempted rape is relevant to the issue of defendant's malice, or lack of same. The

prejudicial aspect of evidence becomes an important factor to be considered only when the evidence challenged has a *minimum* of probative quality. *State v. Slauson,* 249 Iowa 755, 760, 88 N.W.2d 806, 809. The evidence of the charge of attempted rape was probative as to the malice of the defendant and should not have been excluded as prejudicial.

We are further mindful of the rule that where express malice is alleged, the source of defendant's information out of which the defamation grows is generally admissible to show absence of malice. *Snyder v. Tribune Co.,* 161 Iowa 671, 143 N.W. 519. Plaintiff does not refute defendant's claim he made the statements at the council meeting from information contained in state and federal criminal records. Defendant should be permitted to explain how he interpreted such records as showing plaintiff to be a "convicted felon" without having to skirt the charge of attempted rape which constituted the basis for the violation of plaintiff's juvenile parole.

III. We next consider defendant's assignments of error arising out of his ultimately unsuccessful attempt to bring in the City of Des Moines as a third party defendant. Basically, the resolution of such assignments of error may be found in the answers to three questions:

(1) Did the district court [by Judge Crouch] err in setting aside Judge Clarke's prior order bringing in the City of Des Moines as third party defendant?

(2) In the event the court by Judge Crouch did not err in setting aside Judge Clarke's prior order, did it, nonetheless, err in denying defendant's motion to bring in the City of Des Moines as third party defendant?

(3) Was the verdict against defendant contrary to law in that it was returned on a claimed cause of action which does not exist against him, but exists exclusively against the City of Des Moines?

We consider the questions so posed in reverse order.

IV. We are unable to perceive merit in defendant's contention plaintiff's cause of action existed exclusively against the City of Des Moines. It is true that § 613A.4, The Code, 1971, as defendant interprets it, would support his position. As material to the question before us, said section provided:

"The remedy against the municipality provided by section 613A.2 [generally subjecting a municipality to liability for its torts and those of its officers, employees, and agents acting within the scope of their employment or duties] for injury or loss of property or personal injury or death resulting from any act or omission of an officer or employee in the execution of a statute or ordinance, or officially adopted resolution, rule or regulation of a governing body while acting in the scope of his office or employment shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the officer or employee whose act or omission gave rise to the claim, or his estate."

In *Vermeer v. Sneller,* 190 N.W.2d 389, 391–392 (Iowa 1971), we held there was nothing in Chapter 613A, Code 1971, indicating it was the legislature's intent to abolish the right of an injured party to sue a municipal employee for the employee's negligence. We found support for such conclusion in § 613A.8, which provided in pertinent part:

"The governing body shall defend any of its officers and employees, whether elected or appointed and, except in cases of malfeasance in office or willful or wanton neglect of duty, shall save harmless and indemnify such officers and employees against any tort claim or demand, whether groundless or otherwise, arising out of an alleged act or omission occurring in the performance of duty."

Because § 613A.8 provided for the indemnification of an employee's liability, we found it implied strongly that an employee may be

held liable as an individual. Although the matter before us was not predicated on a theory of negligence, as was *Vermeer,* we believe the reasoning in *Vermeer* is equally applicable here.

 We find no merit in defendant's contention the district court by Judge Crouch erred in overruling defendant's motion to bring in the City of Des Moines as a third party defendant.

Rule 33(b), Rules of Civil Procedure, provides as follows:

"When a defendant to a petition, cross-petition or counterclaim will, if held liable thereon, thereby be entitled to a right of action against one not already a party, he may move to have such party brought in, to the end that the rights of all concerned may be determined in one action. Such motion must be supported by affidavit."

Rule 34(a), R.C.P., adds the following:

"When the presence of new parties is required to grant complete relief as to a counterclaim or cross-petition, the court shall order them brought in if jurisdiction can be obtained."

Defendant contends trial court was vested with no discretion to overrule the motion to bring in the city as third party defendant, but in the alternative even if the court were possessed of such discretion, it abused it in this instance. Defendant argues the mandatory language of rule 34(a), R.C.P., should have controlled the disposition of his motion.

We reject this argument, however, as it is premised on defendant's erroneous contention the city is exclusively liable for torts of its officers and employees. See *Vermeer v. Sneller, supra.* Neither was the City of Des Moines an indispensable party within the meaning of rule 25(b), R.C.P., which provides:

"A party is indispensable if his interest is not severable, and his absence will prevent the court from rendering any judgment between the parties before it; or if

notwithstanding his absence his interest would necessarily be inequitably affected by a judgment rendered between those before the court."

A judgment might have been entered in favor of plaintiff and against defendant irrespective of the indemnification issue which might arise between defendant and the city. There is nothing in the record to indicate defendant's interests would be inequitably affected by such a judgment.

 Rule 33(b), R.C.P., is the proper focus of our inquiry in this connection. It now appears settled that trial court is vested with considerable discretion in the disposition of a motion to bring in a third party defendant pursuant to the rule. *Windus v. Great Plains Gas,* 254 Iowa 114, 129, 116 N.W.2d 410, 418; *Woods v. Christensen,* 249 Iowa 232, 86 N.W.2d 98.

 Ordinarily, where a party is not indispensable, a plaintiff should not be forced to sue anyone. *Fuchs v. Rose,* 186 N.W.2d 621, 623 (Iowa 1971). In the case of a motion under rule 33(b), R.C.P., the controlling question is whether the sustaining of the motion will better tend to serve the interests of justice and expedite the litigation. See *Dosland v. Preferred Risk Mut. Ins. Co.,* 242 Iowa 1220, 49 N.W.2d 823.

 We cannot say in this case trial court abused its discretion in overruling defendant's motion to bring in the third party defendant. Defendant attempted to introduce issues of indemnity and liability of a municipality for the torts of its employees into a slander action. He made this attempt some nine months after the suit was commenced, and subsequent to taking of depositions, filing of answer, and a pre-trial conference in which a specific trial date had been set. In *Dosland, supra,* this court considered a similar situation, and at pages 1224–1225 of 242 Iowa, and page 826 of 49 N.W.2d, said:

"In the case at bar the issues between plaintiff and defendant are so foreign to those of the proposed action against Hassman (proposed cross-petition defend-

ant) that the two actions could not have been tried together advantageously nor without danger of confusion. Moreover, the making up of the issues in the new action would have delayed the trial of the original case. If the two actions could not be expeditiously tried together it does not appear defendant was, in this case, prejudiced in any way by the denial of its application. We conclude the order of the trial court overruling the motion was not an abuse of the discretion lodged in it."

■ Defendant further contends plaintiff had no standing to complain about the proposed introduction of the City of Des Moines into the suit on defendant's motion. Such contention is without merit. In *Woods v. Christensen, supra,* at page 234 of 249 Iowa and pages 99–100 of 86 N.W.2d, we said:

"The defendant Christensen makes some complaint that the trial court had no right to exclude the Bergs [proposed cross-petition defendants] upon the motion of the plaintiff who, counsel urges, had no concern with the matter of the cross-petition by the original defendant against alleged third party defendants. We are unable to agree. The plaintiff has some right to have her case tried as against the defendant she thinks liable, without complications arising from the bringing in of other parties and other issues. * * * The trial court has a considerable discretion in bringing in or excluding proposed cross-petition defendants. [citations]. But without doubt the plaintiff has the right to object; * *."

■ Plaintiff's cause of action did not exist exclusively against the City of Des Moines as claimed by the defendant, but could also have been brought against defendant personally. We therefore hold the order of Judge Crouch setting aside the earlier order sustaining the motion to bring in the third party defendant was proper and was not an abuse of judicial discretion. De-

spite the change of judges, it was the same court, and a court may correct its own error before final judgment. *State v. Richards,* 229 N.W.2d 229, 233 (Iowa 1975); *Allied Mutual Casualty Co. v. Long,* 252 Iowa 829, 832, 107 N.W.2d 682, 683; *Kuiken v. Garrett,* 243 Iowa 785, 796–793, 51 N.W.2d 149, 154.

This issue was asserted in defendant's motion for a new trial as well as at the trial of the case.

■ Under our rules a new trial will be granted upon any of a number of causes, but only if the cause shown materially affected the movant's substantial rights. Rule 244, R.C.P. Defendant has not demonstrated that the order of Judge Crouch setting aside the earlier order of Judge Clarke, even if erroneous, affected his substantial rights. He remained in the same position with respect to plaintiff as he would have had the original order been left undisturbed. He also stood in the same position in relation to the city on the issue of indemnification.

■ V. We consider finally two issues stated for review arising out of the order of Judge Bown overruling plaintiff's motion for summary judgment, in which Judge Bown by calendar entry held, "Statements are slanderous per se. Defendant has qualified privilege. Proof of malice is for the jury."

Implicit in the above findings is the court's conclusion that the facts set out were not in substantial controversy. Such facts were deemed established for the purposes of trial. Rule 237(d), R.C.P.

Defendant contends Judge Bown erred in finding the statements made were only qualifiedly privileged, and not absolutely privileged. We find no merit in defendant's contention in this regard.

■ We considered virtually the same question in *Mills v. Denny,* 245 Iowa 584, 63 N.W.2d 222. In response to a claim of absolute privilege by the mayor of Des Moines with respect to allegedly defamato-

ry statements made at a city council meeting, we analyzed the public policy behind the doctrine of privileged communication and concluded the mayor in that case possessed only a qualified privilege for such statements. A qualified privilege requires that an injured party must prove actual malice, and we follow the rationale of *Mills v. Denny* in which he held that such qualified privilege is adequate to protect public officials who in good faith make bona fide statements upon any subject matter pertinent and relevant to the question on the privileged occasion.

Defendant contends trial court erred in submitting to the jury instruction # 7 and overruling defendant's objections thereto. The portion of the instruction to which defendant excepted informed the jury that a ruling before trial had established the falsity of defendant's statements and that the jury would accept such determination. The prior ruling to which the instruction referred was obviously the order of Judge Bown overruling plaintiff's motion for summary judgment. Defendant does not challenge that portion of the order of Judge Bown in which he held the statements were slanderous per se. Rather, defendant asserts Judge Wheeler misinterpreted Judge Bown's findings as establishing the falsity of the statements, thereby erroneously invading the province of the jury.

In that respect defendant is correct. The court's finding that certain statements were slanderous per se established they were actionable in and of themselves without proof of falsity or damage. Such a finding did not conclusively establish the actual falsity of the statements. Defendant might still escape liability by proving the statements were true, truth being a complete defense under our law. See *Vojak v. Jensen*, 161 N.W.2d 100, 108 (Iowa 1968), and cases there cited. It is apparent, therefore, that Judge Bown's finding, if we infer no more from it than the legal meaning of its terms, did not preclude the jury from consideration of the defense of truth.

Nonetheless, we cannot conclude defendant was prejudiced by this erroneous instruction, because he failed to put the defense of truth in issue. A defense which alleges any matter in justification must be specially pleaded. Rule 101, R.C.P. The truth of a statement is a defense in justification which must be specially pleaded in order to be raised. *McWilliams v. Ebling,* 240 Iowa 174, 35 N.W.2d 768; *Rhynas v. Adkisson,* 178 Iowa 287, 159 N.W. 877. There is no indication in the record defendant specially pleaded the truth of his statements.

VI. We deem it unnecessary to treat any of the other statements of issues asserted by defendant.

We hold the trial court erred in overruling that part of defendant's motion for a new trial which was predicated upon the court's error in the giving of its additional instruction, and also erred in sustaining plaintiff's motion to exclude documentary evidence. We therefore reverse and remand for a new trial, without prejudice to defendant's right to renew his motion to bring in the City of Des Moines as a third-party defendant.

Reversed and remanded.